Ruetxn, J udge,
 

 after stating the case as above, pro ceeded as follows : Upon the face of the transaction, as stated by the parties, it is clearly a mortgage, to secure-a debt contracted upon an usurious consideration.
 

 The depositions of the subscribing witnesses to the bill, of sale and defeasance have been taken. One of them disclaims any recollection of any of the incidents, except his attestation. The other directly sustains the answer. indeed, if the whole sum of
 
 $
 
 260 had been advanced; the sum of $ 332 mentioned in the defeasance, would itself prove the usury ; as it is an excess of $20 80 above the legal rate of interest. And at any rate, it supports the statement of the answer and of the witness
 

 
 *77
 
 Upon the case thus taken, the plaintiffs can have no relief in this court; which can no more disregard the statute than a court of law, if the plaintiff can make any thing at law of his legal title, he is at liberty ; and when the borrower comes here, we will maleo him do equity, by paying the sum borrowed, and the lawful interest, as the price of our assistance. But when the lender asks aid of equity, he must ask it on a contract not tainted by an unlawful and corrupt Ingredient.
 

 But it is urged for the plaintiff, that here is no usury 5 because there was no loan, and the premium was no more than a fair compensation for the risk of losing the property, considering it as a conditional sale. The risk is supposed to consist in the perishable nature of the thing, namely, slaves, and the danger of their loss hy being removed by the tenants for life, or the expense of securing them hy process in this court. And the argument that there was no loan, is founded upon the fact, that no security was taken for the repayment of the money
 
 }
 
 and so there was no obligation on the borrower; and if the negroes died or were removed, the loss must fall entirely on
 
 McBrayer.
 

 The argument upon the nature of the contract might admit of consideration, if the cause turned upon any construction now to be put upon it by the court. We think, indeed, that the contract itself, if its character were now to he determined by the court, is plainly proved, by the express provisions of it, and the testimony of the witness, to be usurious. But If this were not so, the court could not help the plaintiffs upon this bill. Because mortgage, and loan or not, is a question not open upon the pleadings. The bill itself states it to be a loan of
 
 $
 
 260, and declares the conveyances to have been intended as a mortgage and security. Now, tho’ the court is at liberty to construe a contract, and put a meaning upon tbe words of it, according to the sense in which the parties used them, however improper that may he, and contrary to their true import, yet' no such liberty can be taken with pleadings. The plaintiff, with the aid of counsel, puts a construction upon the bargain,
 
 *78
 
 and admits It to be of a particular character, and upon it, as such, seeks a particular relief.' Treating the contract to be of that sort, when the case turns out against him, he cannot ask the judge to declare the contract to be different, and to gire him a different relief,, Here the hill charges a mortgage, and prays a foreclosure. Where the debt secured, if a debt, is proved to be usurious, we cannot, against the bill, say it was not a mortgage, but a sale. A party must be bound conclusively by his statement of facts, put plainly upon the record. If not, there is no certainty injudicial proceedings ; and • a bill making one case may be supported by proof of one diametrically opposite.
 

 Where the bill alleges a transaction to be a loan and amox-t-gage, and seelcs a foreclosure, the plaintiff cannot at the hearing ask l-clief as «pon a conditi-tional sale.
 

 On the inquiry whether a conveyance of slaves be a. mortgage or a conditional sale, the fact that no bond is taken to secure the money advanced, is only ne evidence of ne character of he transaction..
 

 Before I conclude, I will make an observation upon the position,'that there was no loan, because no security nor covenant was taken for the repayment. The want of such a covenant, or a separate bond for the money is certainly one of the
 
 indicia
 
 of a sale ; as the giving of such a security is alike evidence that the conveyance, though absolute in its terms, was in reality a mortgage. But it is nothing more than one evidence amongst many, of the character of the transaction. For when it is established, that the advance-of the money was, notas a price, but as a loan, the loan
 
 ex vi termini
 
 raises and involves a promise to pay, as obligatory as a separate agreement under seal to the same effect. And this promise hinds the party personally : so that the loss of the pledge doers not include the loss of the debt; but the creditor may still proceed against the debtor himself. A loan therefore in its terms includes' a debt from the borrower; which it is not necessary should appear upon the mortgage, or in writing; though certainly it is safest that it should, to put the fact — -of loan or no loan — beyond dispute.
 

 Per Cum am.' — Bin .dismissed.