The bill charges that the intestate, James Craige, and the defendant were brothers, and lived together for thirty years, neither of them having ever married, and that they were partners and held all their property in common, both real and personal, and traded upon it as partners, to the year 1846, when James died, and the plaintiff was duly appointed his administrator. Among other property so held in partnership, the bill alleges, was a sum of money amounting to $600, a negro woman named Sue, purchased of Samuel W. Davidson at the price of $300, a boy named Joe, purchased of A. B. Chunn for the sum of $475, and which were paid out of the joint funds, and that there were five head of horses and much other property. The bill prays an account, etc.
The answer admits that the defendant and his brother James lived together and cultivated together, but avers that each held his own property in severalty, and denies expressly that there was any partnership between them, either in working the land or in buying and selling any property. The answer denies that the negroes Sue and Joe were (192) purchased for the defendant and the deceased, or paid for out of the joint funds, but alleges that they were purchased by the defendant for his own use and paid for out of his own separate funds; that Sue was purchased on a credit, and that he gave his individual note for the purchase money, and that the intestate attested both the bill of sale and the note. The answer further admits that the defendant *Page 145 
and his brother James, the intestate, held certain tracts of land and a still as tenants in common, and that there has been no division, and, at the death of James, there were on the plantation five horses and twenty-two head of cattle, and avers that they were not held jointly nor as copartners, but that the stud and the gray horse mentioned in the bill belonged to the intestate, and nine of the cattle and the rest of the horses and stock to the defendant.
It is a rule in equity that relief, when granted, must be according to the allegations of the bill and the proofs. The latter must not only show that the plaintiff is entitled to some relief, but that he is entitled to it upon the grounds on which he has placed his claim. Thus, when the plaintiff alleges in his bill that a transaction between him and the defendant was a loan and mortgage, and seeks a foreclosure, he cannot at the hearing ask relief upon the ground that the transaction was a conditional sale. McBrayer v. Roberts, 17 N.C. 75. In this case the plaintiff asked the aid of the court upon the ground of a partnership between his intestate and the defendant. The answer denies that there was any copartnership between them. It is admitted there never was any express agreement between the brothers for a copartnership, but the plaintiff relies upon the transaction between them to (193) prove it. We think he has failed in his proofs, and that all he has shown is that the brothers were tenants in common in a portion of the property. The partners lived together in peace and harmony, working the same land with their respective horses, and sustaining themselves and their respective stock out of the joint funds. But it is evident from the proofs that much of the property was held by them severally. The negro Sue was purchased by the defendant for his own use and benefit, as he alleges, and his allegation is sustained by the facts, that the bill of sale is taken in his name, and is attested by James, and the note given for the purchase money is also attested by him. The bill of sale for Joe is taken in the name of the defendant, and his allegation that he purchased him for himself, and paid for the negro out of his own funds, is not disproved by any witness whatever, and the witnesses in each case testify that their contract was with the defendant alone. It is in evidence that the parties kept their money in separate depositories, and each under his own control, and, since the death of James, the plaintiff, his administrator, took into his possession, as assets of the estate, the stallion and the gray horse and the still, and sold them as the property of his intestate. The declarations of the parties, as proved, establish *Page 146 
nothing more than a tenancy in common of a portion of the property. The plaintiff has failed to sustain, by his proofs, the allegations of his bill, and it must be
PER CURIAM. Dismissed with costs.
Cited: Grant v. Burgwyn, 88 N.C. 100.