Pearson, J.
 

 The objection in regard to the location of the grant to Dobbs, is fatal to the plaintiff’s claim, and it is unnecessary to advert to any of the ■ other points made in the Court below.
 

 The grant has two descriptions: First, it is a grant of
 
 *273
 
 12,500 acres, being a subdivision of tract No. 2, and it is bounded by tract R. on the south and east, and by the tract T on the west. If the tracts R and T could be identified, this description, under the rule
 
 id eertum est quod eer-tum reddipotest,
 
 would be sufficient to make out a location of the tract in question, by aid of the fact, that it is a paralello-gram, which having three sides known, the fourth could be ascertained ; but no proofs were offered for the purpose of identifying the tracts R and T. So this description may be put out of the case.
 

 The second description is in these words:
 
 “
 
 Beginning at a stake, running thence north 500 chains, thence west 250 chains, thence south 500 chains, thence east 250 chains, to the first station.” A
 
 stalce
 
 is an imaginary point. There is no telling where it is. So, the grant has no beginning, this •description being void on account of its vagueness ;
 
 Massey
 
 v. Belisle, 2 Ire. Rep. 177. That was a stronger case than this ; for the
 
 “
 
 stake ” at the beginning, was in Gillespie’s line; the next
 
 “
 
 stake ” was in Hay street; the third
 
 “
 
 stake ” had no description, and the fourth “ stake ” was in Gillespie’s line. The Court say, “according to this description, its location was impossible, because, in law, it covered no land.”
 
 “
 
 It is a settled rule of construction with us, that when stakes are mentioned in a deed simply, or with no other description but that of course and distance, they are intended to designate imaginary points. Every corner in this description is a
 
 stalce
 
 or imaginary point“ two are said to be in Gillespie’s line, and one in Hay street, but in what part of Gillespie’s line, or in what part of ITay street, the points are, can neither directly nor indirectly be discovered from this description.”
 

 In our case, the beginning is at a stake; in other words, at a jjoint, and the other corners are points at the end of course and distance; so we have points with no other description than that of course and distance, and the main point, or beginning has no other description whatever. There is error, and there must be a
 
 venire de novo.
 

 Pee Oueiam. Judgment reversed.