Pearson, J.
 

 Assuming that the proceedings for partition, and the plat which formed a part thereof were color of title, so as to extend the possession of plaintiffs beyond their actual occupation to the boundaries of the plat, and entitle them to recover for a trespass committed any where within the same, provided the plat coul.d be located so as to identify any particular tract, we think his honor erred in not holding- that the description furnished by the plat was too vague to be susceptible of being located, “because in law it covered no land;”
 
 Mann
 
 v. Taylor, 4 Jones’ Rep. 272,
 
 Massey
 
 v.
 
 Be
 
 lisle, 2 Ired. Rep. 177. The description furnished by the plat is this, “ Beginning at a
 
 point
 
 in Laurel Swamp; thence along the margin of the swamp to
 
 a
 
 point; thence North 85 deg.
 
 W.
 
 90 poles; thence 40 deg. "W. 86 poles; thence N. 40 dog. East 60 poles to
 
 a point
 
 in a pond ; thence along the pond to
 
 a point',
 
 thence S. 77 deg. 88 poles to the beginning, containing 144 acres on the south-side, of Broad creek, Lot 10.” It is manifest this description is too vague to admit of a location. There is no telling from it at what particular place ©n the swamp the beginning point is to be fixed, nor what dis
 
 *325
 
 tance along the swamp the line.is to be run in order to reach the second point, for both corners are “ immaginary points,” and no mode of finding the location is furnished by the plat.
 

 An attempt was made to help out the location by the testimony of one Garrett, who was a chain-carrier when the land was divided. lie testifies that “certain men now dead, showed the beginning corner somp hundred and fifty yards north of the house, near a grave yard
 
 at (the head of the plat,
 
 the lines were reversed by crossing over to the pond, running westwardly within a short distance of the grave yard, and north of it to a pond, then up the pond to the end of it, then to the south east, &c. Supposing this description of the beginning corner with the alteration “ at the head of the swamp” instead of “head of the plat,” (as we presume the witness intended) to have been set out in the plat, it may have been sufficient; but parol evidence is inadmissable to aid, or add to the description of land in a deed, or other instrument. When the writing gives a description e. g. a marked tree, or stone, or the mouth of a branch, or any mode by which a point can be fixed, then parol evidence must necessarily be resorted to in order to “fit the dscription to the thing”; but where there is no description, or one that is too vague, if parol evidence were received, the boundaries of land would depend upon the “slippery memory of man.”
 

 The wisdom of the rule which excludes such testimony is fully exemplified in this instance. The witness is unable
 
 to
 
 be definite in any
 
 particular;
 
 — “some hundred and fifty yards north of the house near a grave yard at the head of a swamp.” His memory enabled him to point out a spot which
 
 eertain men,
 
 now dead, showed as the beginning corner. There is no tree, stone or any thing else to aid his memory as to the precise spot. Again, he says “they run up the pond to the end of it.” Here, he contradicts the plat; for it represents the line as striking the pond some distance from the end of it.
 

 It is not necessary to notice the other points presented by the case.
 

 Pee OukiaM. Judgment reversed and a
 
 venire de novo.