GEORGE HINCHEY *v.* JAMES W. NICHOLS and others.

Where, in a grant from the State, a tract of land is described as follows: "a tract of land containing 173 acres, lying and being in our county of Wilkes, on a big branch of Luke Lee's creek, begining at or near the path that crosses the said branch, that goes from Cranes' to Sutton's, on a stake, running West 28 chains, 50 links to a White Oak, in Miller's line, then North 60 chains to a stake, then East 28 chains 50 links to a stake, then South 60 chains, to the begining," and no evidence being offered to show the location of Miller's line, or of the white oak referred to: *It was held*, that the description is fatally defective, and cannot be made sufficiently definite by part testimony.

(*Archibald* v. *Davis*, 5 Jones, 322; *Mann* v. *Taylor*, 4 Jones, 274, cited and approved.)

CIVIL ACTION, in the nature of ejectment, tried before *Cloud, J.*, at Special Term, 1874, WILKES Superior Court.

The plaintiff claimed the land in controversy under a grant from the State to one Globber in 1789, and by mesne conveyances through various persons, to himself.

The description in the grant, and the said conveyances, is as follows: " A tract of land containing one hundred and seventy-three acres, lying and being in our county of Wilkes, on a big branch of Luke Lee's creek, beginning at or near the path that crosses the said branch that goes from Crane's to Sutton's, on a stake, running west twenty-eight chains, fifty links, to a white oak in Miller's line; then north sixty chains to a stake, then east twenty-eight chains, fifty links, to a stake; then south sixty chains to the beginning."

No evidence was offered on the trial as to the location of Miller's line, or the white oak, but the plaintiff claims a point on the said path as his beginning, and then the courses and distances called for in the grant and deeds. Evidence was offered tending to establish the point claimed, to be the beginning corner. The plaintiff proved by himself and two other witnesses, that two old men, now dead, one of them a surveyor,

had pointed out the point claimed by the plaintiff as his beginning, as the beginning of plaintiff's land.

The defendant requested the Court to charge the jury, that as the white oak, in Miller's line, nor the line itself, nor any natural boundary, or marked boundary of the said tract, could be located or identified, as a mere matter of law, no land could be recovered under these conveyances. His Honor declined so to instruct the jury, and charged them that "if they were satisfied the plaintiff had located the land, then they should return a verdict for the plaintiff.

The defendant excepted. The jury returned a verdict for the plaintiff, and the Court thereupon rendered a judgment in favor of the plaintiff, from which judgment the defendant appealed.

*Furches*, for appellant.
*Folk & Armfield*, contra.

PEARSON, C. J. The plaintiff claims a tract of land described as follows, in the grant (1789) and mesne conveyances : " A tract of land containing one hundred and seventy-three acres, lying and being in our county of Wilkes, on a big branch of Luke Lee's creek, beginning at or near the path that crosses the said branch that goes from Crane's to Sutton's, *on a stake*, running west twenty-eight chains and fifty links to a white oak in Miller's line," and so all around calling *for stakes* at every corner.

" A big branch of Luke Lee's creek," supposes several big branches. Which big branch ; is left indefinite. If an indefinite description will admit of comparison, the next description, " a stake at or near the path, that crosses the said branch, that goes from Crane's to Sutton's," is more indefinite. We are not told on which side of the branch this stake or *point* was fixed ; nor are we told whether it is ten, fifty, one hundred yards, or any other distance from the branch. So the description is fatally defective, and it cannot be made definite by parol

evidence, for that would be to *make* a beginning corner, and not to *find* a *corner*, by fitting the description to the thing, for nothing is described. The cases, *Archibald* v. *Davis*, 5 Jones, 322; *Mann* v. *Taylor*, 4 Jones, 274, cited by the defendant's counsel, dispose of the question.

Had " the white oak in Miller's line" been identified, the description may have been helped out, and the beginning corner found by nursing the lines, but unfortunately for the plaintiff, neither the white oak or Miller's line can be found. So that passes for nothing; and we have no description by which the land can be identified, and must come to the conclution that the surveyor made the plat on which the grant issued without any actual survey, and without going into the woods at all to mark any corner, or fix any memorial by which the land can be located. Error.

PER CURIAM.                                    *Venire de novo.*