THOMAS C. DICKENS v. EVELINE BARNES.

*Description of Land—Color of Title—Parol Evidence.*

A deed conveying land and describing it as "one tract of land lying and being in the county aforesaid, adjoining the lands of A and B, containing twenty acres more or less," does not constitute color of title, and possession under it is not adverse. Such description is insufficient and can not be aided by parol proof.

(*Capps* v. *Holt*, 5 Jones Eq. 153; *Hinchey* v. *Nichols*, 72 N. C. 66; *Brown* v. *Coble*, 76 N. C. 391, cited and approved.)

CIVIL ACTION, to recover Land, tried at Spring Term, 1878, of HALIFAX Superior Court, before *Seymour, J.*

The referee to whom the case was referred reported as follows: It is admitted that unless the defendant can show seven years adverse possession under known and visible boundaries and under colorable title, the plaintiff is entitled to recover the possession of the land in dispute. The facts found are,—that defendant has been in adverse possession under known and visible boundaries since the 20th of March, 1863; that the summons was issued on the 27th of September, 1877; that the colorable title under which defendant claims, is a deed to her from one John J. Phelps, dated in said month of March, 1863, and in which the land is described as follows,—" one tract of land lying and being in the county aforesaid, adjoining the lands of John J. Phelps and Norfleet Pender, containing twenty acres more or less." The referee held that the defendant's possession was not under colorable title and that the plaintiff was entitled to recover, to which conclusion of law the defendant excepted. His Honor sustained the exception and gave judgment for defendant for costs, and the plaintiff appealed.

*Mr. T. N. Hill*, for plaintiff.
No counsel in this Court for defendant.

FAIRCLOTH, J. It is conceded that plaintiff can recover unless the defendant has acquired the right of possession under the provision of C. C. P., § 20, which declares that seven years possession of real property, under known and visible lines and boundaries and under colorable title, shall perpetually bar an entry or action against such possessor. And it is conceded that defendant has been in adverse possession of the *locus in quo*, under known and visible lines and boundaries more than seven years, but colorable title is denied. That question depends on the description in a deed from John J. Phelps to the defendant, conveying "one tract of land lying and being in the county aforesaid, adjoining the lands of John J. Phelps and Norfleet Pender, containing twenty acres more or less." There is nothing else in the deed or in the record to aid this description, and its construction is alone for the Court.

The general rule of law is that the possession must commence under a claim or color of title which *purports* to be valid. If the claim of the party be invalid on its face, or if the deed under which he claims be void, or insufficient in form to pass title, or the description therein be fatally defective, in such cases the possession is not adverse under our statute; because the party acquiring possession must be presumed to know the law and to see that in such cases there is no color of title, and therefore he is presumed not to have the *animo domini* which is always essential in an adversary possession. "Colorable title" then in appearance is title, but in fact is not, or may not be any title at all. It is immaterial whether the conveyance actually passes the title to property, for that is not the inquiry. Does it appear to do so, is the test; and any claim asserted under the provisions of such a conveyance is a claim under color of title, and will attract the protection of the statute of limitations to the possession of the grantee if the other requisites are performed.

Turning then to the description in the matter before us, is it sufficient? Tried by the above rules and by our decisions, we are compelled to say that it is not. It fails to identify or to furnish the means of identifying, under the maxim, *id certum est quod certum reddi potest,* the land in possession of the defendant, the *locus in quo.* It gives neither course nor distance of a single line, nor a single point, stake or corner any where to begin at. Does the tract lie on the north, south, east or west side of the lands of Phelps and Pender? What course would the surveyor take if he had a beginning point? These questions can not be answered by the aid of facts *dehors* the deed, established by parol proof, because it is a patent ambiguity, a question of law for the Court and not one of fact for the jury.

In *Capps* v. *Holt,* 5 Jones, Eq., 153, the call was for "a tract of 150 acres lying on watery branch in Johnson county; and that was held to be too vague. In *Hinchey* v. *Nichols,* 72 N. C., 66, the land was described as lying on "a big branch of Luke Lee's creek," and it was held fatally defective and incapable of help by parol evidence. These cases we think dispose of this case.

In *Brown* v. *Coble,* 76 N. C., 391, this Court held the description was susceptible of explanation, and was therefore sufficient. It was "a tract of land in said county on the waters of 'Stinking Quarter,' adjoining the lands of—, of which Brown died *seized* and *possessed.*"

Nothing is described in the present case; and to establish a corner by proof, would be to make a corner instead of finding one, and fitting the description to it. There is error. Let judgment be entered for the plaintiff.

Error.                              Judgment reversed.