W. D. FARMER v. JERE BATTS and others.

*Specific Performance—Evidence.*

Where a contract to convey land describes the same as "one tract containing 193 acres, more or less, it being the interest in two shares, adjoining the lands of J. B., E. O. and others."

*Held,* That the description is not too indefinite to admit parol evidence to identify the land.

(*Murdock* v. *Anderson*, 4 Jones Eq., 77; *Allen* v. *Chambers*, 4 Ired. Eq., 125; *Capps* v. *Holt*, 5 Jones Eq., 153; *Grier* v. *Rhyne*, 69 N. C., 346; *Dickens* v. *Barnes*, 79 N. C., 490; *Edmundson* v. *Hooks*, 11 Ired., 373; *Robeson* v. *Lewis*, 64 N. C., 734; *Smith* v. *Low*, 2 Ired., 457; *Blanchard* v. *Blanchard*, 3 Ired., 105; *Morrisey* v. *Love*, 4 Ired., 38; *Ward* v. *Saunders*, 6 Ired., 382; *Carson* v. *Ray*, 7 Jones, 609, cited, distinguished and approved.)

CIVIL ACTION for specific performance of a contract tried at March Special Term, 1880, of WILSON Superior Court, before *Avery, J.*

The plaintiff submitted to a nonsuit and appealed. The facts are stated in the opinion of this court.

*Mr. George V. Strong,* for plaintiff.
*Messrs. Connor & Woodard,* for defendants.

SMITH, C. J. The plaintiff seeks to enforce against the defendants, as assignees with notice of his equity, the specific performance of an executory contract entered into by William Dixon in the words following:

"Received of W. D. Farmer fourteen hundred dollars in full payment of one tract of land containing one hundred and ninety-three acres, more or less, it being the interest in two shares, adjoining the lands of James Barnes, Eli Robbins and others. This 25th day of January 1864.

(Signed) WM. DIXON."

On the trial of the issues and with a view to locate and identify the land described, the plaintiff proposed to show that a tract of land, adjoining the lands of James Barnes, Eli Robbins and others was known as one in which William Dixon claimed two shares, and there was only one tract answering to this description and estimated to contain one hundred and ninety-three acres. The evidence, being objected to, was excluded on the ground that the words of description in the contract were too indefinite to authorize the introduction of testimony for the purpose of identification. In deference to this ruling the plaintiff submitted to a non-suit and appealed.

Many cases have been before the court where it has been necessary to decide upon the sufficiency of a description contained in a written instrument to admit of extrinsic evidence to locate the land, a brief reference to which may aid us in determining the validity of the present instrument. The following words of description have been held too indefinite to admit the specific enforcement of the contract or to allow the operation of a deed of conveyance:

"One house and lot in the town of Hillsboro." *Murdock* v. *Anderson*, 4 Jones Eq.. 77. "A certain tract of land lying on Flat river, including Taylor Lewis' spring house and lot, &c., and adjoining the lands of Lewis Daniel, Womack and others." *Allen* v. *Chambers*, 4 Ired. Eq., 125. "A tract of land lying on the north side of the Watery branch in the county of Johnston and state of North Carolina, containing one hundred and fifty acres." *Capps* v. *Holt*, 5 Jones Eq., 153. "A certain piece of land in the county and state aforesaid, adjoining the lands of S. J. Suggs and M. H. Rhyne and others, supposed to contain thirty or thirty-five acres." *Grier* v. *Rhyne*, 69 N. C., 346. "One tract of land lying and being in the county aforesaid, adjoining the lands of John J. Phelps and Norfleet Pender, containing twenty acres, more or less." *Dickens* v. *Barnes*, 79 N. C., 490. "The

defendant's lots at Nahunta depot." *Edmundson* v. *Hooks*, 11 Ired., 373. "Also seven hundred and fifty-two acres of land including the land I now live on and adjoining the same," held to be inoperative except as to that whereon he resided. *Robeson* v. *Lewis*, 64 N. C., 734.

The following have been deemed sufficient: "Three tracts of land, the House place, the Lynn place and the Leonard place, containing four hundred acres, more or less." *Smith* v. *Low*, 2 Ired., 457. "Levied on the land of Noah Blanch-ard joining the lands of J. H. Blackmore, Reuben Blanchard and others." *Blanchard* v. *Blanchard*, 3 Ired., 105. "Levied on land supposed to be upwards of one hundred acres where Richard Heath lives on." *Morrisey* v. *Love*, 4 Ired., 38. "Levied on the lands and tenements of Isham Doby adjoin-ing the lands of Allen Newsom, Clairborn Newsom, and others." *Ward* v. *Saunders*, 6 Ired., 382. "My house and lot in the town of Jefferson in Ashe county North Carolina," the grantor having but one such in the place. *Carson* v. *Ray*, 7 Jones, 609.

Looking to adjudications in other states we find the fol-lowing descriptions of the subject matter of the contract, with the aid of extrinsic evidence, to have been held suf-ficient: An agreement to "furnish water out of the mill dam sufficient to carry the fulling-mill and carding ma-chine at all times except in drought in summer and the usual times of freezing in winter, and at all times to have such a share as is sufficient to carry one wheel when either of the wheels of the grist mill and saw mill are running," was supported in *Fish* v. *Hubbard*, 21 Wend., 651. Deliver-ing the opinion COWEN, J., remarks: "If it were in proof that the donor or grantor owned one mill dam, one carding machine and one fulling-mill and no other property of that description at the date of his will or deed, ought we to hesi-tate in saying that he intended to pass such property? or should we say that possibly he intended some property of

his neighbor or neighbors answering a similar description."
So a receipt of "fifty dollars in part payment of a house and
lot of land situated in Amity street, Lynn, Mass; the full
amount is seventeen hundred dollars;" the defendant being
shown to own no other real estate on that street, except the
lot, was declared to be binding and a specific performance
enforced in *Hurley* v. *Brown*, 98 Mass., 545, and the court
say: "The presumption is strong that a description which
actually corresponds with an estate owned by the contracting
party is intended to apply to that particular estate although
couched in such general terms as to agree equally well with
another estate which he does not own." In the subsequent
case of *Mead* v. *Parker*, 115 Mass., 413, where the writing
was in these words: "This is to certify that I, Jonas Parker,
have sold to Franklin Parker a *house on Church street* for the
sum of fifty-five hundred dollars," the court held that evi-
dence was competent to show what house the defendant
owned on Church street and decreed specific performance
of the contract, remarking as follows: "The most specific
and precise description of the property intended requires
some proof to complete its identification. A more general
description requires more. When all the circumstances of
possession, ownership and situation of the parties, and of
their relation to each other and the property, as they were
when the negotiation took place and the writing was made,
are disclosed, if the meaning and application of the writing,
read in the light of those circumstances, are certain and
plain, the parties will be bound by it as a sufficient written
contract or memorandum of their agreement." "Every
valid contract," says Mr. Fry, in his work on specific per-
formance, sec. 209, "must contain a description of the sub-
ject matter, but it is not necessary it should be so described
as to admit of no doubt what it is, for the identity of the
actual thing and the thing described may be shown by ex-

trinsic evidence." To the same effect Pomeroy on Contracts, § 90, note.

The rule relating to the admission of parol evidence is, that when not upon the face of the writing, but in its application, there are more persons than one, or more things than one, it may be shown which person or which thing was intended, by any evidence competent to establish the fact. Wigram on Wills, *Prop.* 7; Greenl. Ev., § 288.

Referring now to the description in the contract before us, let us see what are the particulars by which it is attempted to be defined and identified.

It is a single tract of land, with an area of one hundred and ninety-three acres, more or less, bounded by and comprised within the lines of James Barnes, Eli Robbins and others, unnamed, wherein the contracting party professss to own and undertakes to convey two shares. Now suppose a tract of land fitted to all these requirements and conditions can be found, and no other can be, would not the proof satisfy any reasonable mind that this was the land intended? and if so, is it not competent to ascertain and identify the subject matter of the contract and make it effectual?

It is often difficult to define in exact terms where land is the subject of an executory or executed agreement, and whenever practicable, the maxim, *magis valeat quam pereat* should be applied and prevail. Whether satisfactory evidence would have been given the jury, we are not to consider; the question is, does it not belong to them to decide whether the object can be identified by competent proof, and whether the description is upon its face so palpably defective as to be incurable by any evidence.

The recent case (*Dickens* v. *Barnes, supra,*) is much more vague in its language, as it contains only quantity, and refers to but two adjoining owners, whose lines are not said to enclose the tract. It is apparent in this deed that no land is enclosed, and the words used to define its location

are vague and insufficient to identify any tract upon which the conveyance can operate. The uncertainty upon the face of the instrument rendered it void, as in the description of the lot in Hillsboro, there being nothing to distinguish it from other lots.

We think the case of *Blanchard* v. *Blanchard, supra*, is an authority, very strongly in support of the proposition that the description of the subject matter of the contract is not as fatally defective as to be so declared by the court and withdrawn from the jury. The only unfavorable difference is in the designation of the land as that " of Noah Blanchard " while here the assertion of title in the vendor is not less unequivocally involved in the very act of disposing of it as his property.

But it is urged that the cases referred to by the plaintiff's counsel were all of levies under a statute which requires the officer to designate " the lands and tenements he has levied on, where situate, on what water course and whose land it adjoins," (Rev. Code, ch. 62, § 16) and exceptions were taken to such as were not thought to conform to the act. But the holding has been that any description that identifies the land is sufficient and in compliance with the law.

We think in the present case the judge erred in withdrawing the enquiry from the jury, and that under proper instructions as to what proof were necessary, he should have left the determination of the question to them. We feel disposed to uphold contracts, entered into, drawn often by persons unaided by a legal adviser and not careful and precise in the use of language, when there is a reasonbly sufficient description of its subject, and to give effect to what was intended but is not very clearly expressed.

Non-suit must be set aside and a new trial ordered. Let this be certified.

Error.                                        *Venire de novo.*