# Richmond.

BATES AND ALS. V. BROWN AND ALS.

JANUARY 15th, 1885.

1. PRACTICE IN CHANCERY—*Prematui e hearing on merits.*—Where, in suit to remove encumbrance of a satisfied trust-deed, on demurrer, the bill is held to present a case meet for equity, and exhibits are filed tending to support such case, and the answer denies the identity of the property claimed by plaintiff with the property which had been conveyed to him, it is error for the court to determine the question of identity on the pleadings and exhibits without giving the parties full opportunity to take all desired testimony. Though the bill and exhibits may not, yet witnesses might establish the identity.

Appeal from decree of chancery court of Richmond city, entered 9th December, 1876, in suit of Henry Bates and others, heirs at law of Micajah Bates, deceased, plaintiffs, against Patrick W. Brown and others, heirs of James Brown, senior, deceased, defendants. Plaintiffs claimed that James Brown, senior, conveyed all the interests of every kind which might result to him in a certain parcel of land near Bacon Quarter Branch, in Henrico county, and certain other property, by deed of 6th August, 1825, to Samuel Taylor, trustee; that by deed of 23d May, 1844, said trustee conveyed to Thomas F. Crew all the land and all the right to land in law and equity near Bacon Quarter Branch, which had been conveyed to him by said Brown; that said land is in Duvall's addition, and consists of thirty-nine lots designated by certain named numbers; that by deed dated 27th February, 1854, said Crew conveyed the same to Micajah Bates, senior, the ancestor of the plaintiffs, who died

in July, 1861, intestate; that part of said land was sold for taxes, and the tax-title thereto conveyed to the purchaser, Isaac A. Godwin, by deeds dated 18th February, 1857, but was regained by the plaintiffs in 1873; that by deed dated 28th October, 1824, said James Brown, senior, had conveyed the said Bacon Quarter Branch land, and other property, to Charles Copeland, Charles J. McMurdo and Robert Burton, trustees, for certain purposes; that said James Brown had also encumbered said property by another deed of same date as the last named, but that the purposes for which the trust-deeds last mentioned were executed had been fulfilled, and the trusts satisfied—and they prayed for the removal of the encumbrance of the said satisfied trust-deeds. The plaintiffs filed as exhibits the deeds above referred to, and other documentary evidence tending to support their claims. The defendants demurred to the bill, and also answered it, denying the identity of the property which the plaintiffs claimed, with the property actually sold to them. No reference of the cause was made to a commissioner to ascertain and report the facts on the question of identity, and no depositions were taken, but the cause was heard on the pleadings and the exhibits. At the hearing the court overruled the demurrer because the case presented by the bill was sufficient, but decreed that the plaintiffs' bill should be dismissed with costs, because they had failed to establish the identity of the property as aforesaid. From this decree the said Bates' heirs obtained an appeal to this court.

*Sands, Leake & Carter* and *J. N. Dunlop*, for the appellants.

*H. H. Marshall*, for the appellees.

LACY, J., delivered the opinion of the court.

In February, 1874, the appellants instituted this suit in the chancery court of the city of Richmond against the appellees

to relieve certain lands in the bill mentioned from the lien of a deed in trust executed by the ancestor of the appellees, to secure the debts of creditors, subsequently paid off and discharged, alleging that before the satisfaction of the debts thus secured the appellants, or those under whom they claimed, had become the purchasers of the equity of redemption in the said lands under a sale made by the trustee in a subsequent trust-deed executed by the said ancestor of the appellees. The appellees demurred to the bill, and answered denying the identity of the property claimed by the appellants in the bill with the property actually sold to them. There were several deeds filed as exhibits with the bill—the first trust-deed of the ancestor of the appellees, James Brown, the second trust-deed, and the deed of the trustee; a certificate of the auditor was also filed in the cause, showing a transfer of the land on the land-books; and also other deeds under which they claimed their titles. The appellees, with the answer, filed the advertisement of the trustee making the sale and his account returned to the grantor in the deed. The cause was submitted to the court upon the demurrer, and the court overruled the same. Then the cause coming on upon the bills, original and amended, the answers and the replication thereto, exhibits and the examination of a witness, who had proved the signature of the trustee to the account of sales rendered by him, and the arguments of counsel, whereupon the court dismissed the bill of the plaintiffs, the appellants here, upon the ground that the plaintiffs had failed to establish the identity of the property claimed in the bill with that conveyed in the deed of trust under which the sale was had, the court saying: "The relief asked for in the bill is based upon the hypothesis that the plaintiffs have a title to the land in Duvall's addition; for, I think, it is manifest that if that land, or if the alleged equity of redemption therein, was not sold and conveyed by Taylor to Crew, and by the latter to Bates, the plaintiffs have no right to the discovery they seek, to the accounts they ask for, to the removal of the encumbrance

created by the deed of Brown to McMurdo, &c. (this was the prior deed), or to the release of that deed. In such case the plaintiffs would be no more entitled to such relief than any other stranger." And it held that the chancery court had no jurisdiction; that the bill made a case sufficient; that the demurrer must be overruled, and the bill dismissed without prejudice to any action at law which the plaintiffs should be advised to bring.

From this decree an appeal was allowed to this court.

The appellants insist here that the court, having overruled the demurrer of the defendants, should have allowed their prayer for a reference to a commissioner, to adduce their proofs; and that it was error to decide the cause upon the merits before the proofs were all in.

If the demurrer was properly overruled, because the bill presented a case for equity jurisdiction, the merits of the case should only be determined upon the fullest proofs on both sides which either party desired to offer. While the identity of the property may not have been established upon the bill and exhibits, it is possible that it might be upon the testimony of witnesses; at all events, it is but reasonable to allow a plaintiff, who presents a sufficient case for equity jurisdiction upon his bill, all suitable opportunity to prove his case.

The case appears to be concerning a trust, to relieve real estate from the lien of a trust-deed, duly paid and satisfied in full, but which is unreleased.

The subject is eminently one for equity jurisdiction. The identity of the property and the facts in the cause can only be duly considered and determined when the facts are all before the court. A decision upon the merits in advance of the testimony was premature, and for that reason was erroneous. It was not proper for the chancery court to decide the cause, and it would not be proper for this court to express any opinion upon the merits of the cause until the evidence is adduced on both sides.

Without expressing any other opinion in the cause, this court will reverse the decree complained of, and remand the cause for decree for an account, and the taking of such testimony before the commissioner as either party shall desire to take, in order to a final decree therein.

DECREE REVERSED.