S. S. HARRELL & CO. v. DAVID BUTLER.[*]

*Deed—Description—Seal.*

1. A description of land in a deed in these words: "All my interest in a piece of land adjoining the lands of J. J. Jordan and Joseph Keen and others" is too vague to admit of extrinsic evidence to "fit the description to the thing," and is void for want of certainty.

2. Where the conveyance contains specifications or localities by which the land may be located, the number of acres constitutes no part of the description; but in doubtful cases may have weight as a circumstance, and in some cases, in the absence of other definite description, may have controlling effect.

3. A seal to a deed, although not on the line with the signature of the vendor, if it purports to be his seal and is referred to as his seal, is valid and will be held to be the act of the vendor.

(*Dickens* v. *Barnes*, 79 N. C., 490; *Farmer* v. *Batts*, 83 N. C., 387, cited and distinguished; *Reddick* v. *Leggat*, 3 Mur., 539; *Proctor* v. *Pool*, 4 Dev. 370; *Cox* v. *Cox*, 91 N. C., and *Kea* v. *Robeson*, 5 Ired. Eq., 373, cited and approved).

Issues joined in a special proceeding for partition before Clerk of HERTFORD Superior Court, and tried before *Shepherd, J.,* at Spring Term, 1883.

This was a special proceeding for the partition of land instituted before the Clerk of the Superior Court of Hertford county.

The plaintiffs in their complaint claimed four-fifths of the land in question, and the defendant, in his answer, alleged that he was entitled to two-fifths and the plaintiffs to only three-fifths, and thus issues of law and facts were raised by the pleadings, which were transmitted to the Superior Court in term to be tried.

___

[*]SMITH, C. J., did not sit on the hearing of this cause.

The only issue submitted to the jury was whether the defendant was entitled to only one-fifth, as admitted by the plaintiffs, or to two-fifths, as contended by the defendant.

On the trial it was admitted by the defendant that the verdict should be in favor of the plaintiffs, unless the defendant should show that he had a better title to the disputed one-fifth than the plaintiffs.

The defendant, in support of his title, offered in evidence a deed made by James Butler to David Butler, conveying "*all of his interest in a piece of land adjoining the lands of J. J. Jordan, Joseph Keen and others.*"

The conclusion of this deed was as follows:

"In testimony whereof I, the said James Butler, have hereunto set my hand and seal, this the 20th day of November, 1880.

JAMES X BUTLER.
his   mark

Witnessed by

"JOHN P. BUTLER, [SEAL.]"

If the deed passed any title to the land in question, it was conceded the defendant was entitled to two-thirds of it; but its introduction was objected to by the plaintiffs—upon two grounds. First, because it was too vague and uncertain to convey real estate and it was void, and that it was not susceptible of being made certain by parol evidence; and, secondly, that the deed was not under the seal of James Butler.

The Court overruled both objections, and admitted the deed in evidence, and also parol evidence to fit the description to the land in dispute. To which the plaintiffs excepted. The jury found in favor of the defendant, and there was a judgment in his behalf, from which the plaintiffs appealed.

*Messrs. Winborne & Brother*, for the plaintiffs.
No counsel for the defendant.

ASHE, J., after stating the case as above: The decisions of the Court upon the question, whether a defective description of land

contained in a deed is too vague and uncertain to admit of parol evidence to "fit the description to the thing" lie so closely to the line of distinction between what is too uncertain and what is not so, that we find it somewhat difficult to reconcile them.

But upon a careful examination of the adjudications upon the subject, we are led to the conclusion that the deed in question executed by James Butler to David Butler, falls within the class of deeds that are too vague to admit of extrinsic evidence to identify the land.

In *Farmer* v. *Batts*, 83 N. C., 387, the description is, "One tract containing one hundred and ninety-three acres, more or less, it being the interest in two shares, adjoining the lands of James Barnes, Eli Robbins and others," and it was held that the description was not too indefinite to admit of parol evidence to identify the land. But in the case of *Dickens* v. *Barnes*, 79 N. C., 490, the land was described as one tract of land lying and being in the county aforesaid, adjoining the lands of A and B, containing twenty acres, more or less; and it was held the description was insufficient and could not be aided by parol proof.

These descriptions are very similar, the only difference being, that in the former deed the words "and others" are superadded, which seem to have been considered as giving more certainty to the deed than the description in *Dickens* v. *Barnes*, in which they were omitted. But in both of those cases the description is aided by reference to the number of acres which they contained— an element of description which is wanting in the case under review—and even assuming that the case of *Dickens* v. *Barnes* is overruled by that of *Farmer* v: *Batts*, our case is distinguishable from that by the fact that it contains no specification as to quantity. It simply describes the land as "all my interest in a piece of land adjoining the lands of J. J. Jordan, Joseph Keen and others," while in *Farmer* v. *Batts* it is described as consisting of 193 acres, which, it is true, ordinarily constitutes no part of a description, and none when there are specifications or local-

ities given, by which the land might be located, but in doubtful cases may have weight as a circumstance in aid of the description; and in some cases, in the absence of other definite descriptions, may have a controlling effect. *Reddick* v. *Leggat*, 3 Mur., 539; *Proctor* v. *Pool*, 4 Dev., 370; and *Cox* v. *Cox*, 91 N. C., 256. In *Kea* v. *Robeson*, 5 Ire. Eq., 373, it was held that "when a deed fails to describe the subject matter of a conveyance, so as to denote upon the face of the instrument what it is in particular, it is totally inoperative unless it contains a reference to something which renders it certain. The want of such a description or reference in a deed is a defect which renders it totally defective." There is nothing on the face of this deed by which the land sought to be conveyed can be identified. Nor is there any reference to anything which renders it certain. The fact that it is described as adjoining the lands of J. J. Jordan and Joseph Keen and others cannot have that effect, for that description applies to one tract as well as another that adjoins those lands. It might, according to the description, lie as well on the one side as the other of the lands belonging to those persons.

As to the objection that the paper-writing in question was no deed because there was no seal, we are of a different opinion. Whether inspecting the instrument with a *natural* or *judicial eye*, we can see no room for doubting that it was the seal of the grantor. The fact that the scrawl is on the same line with the name of the subscribing witness can make no difference. It is under the name of the grantor and purports in the conclusion of the instrument, to be his seal, but not that of the witness. There is error. The judgment of the Superior Court is reversed and a *venire de novo* ordered.

Error.                                                    Reversed.