## Richmond.

GEORGE & ALS. V. BATES & ALS.

DECEMBER 22d, 1894.

DEEDS—*Description of land.*—A description consisting only of the words, "A piece of land near Bacon Quarter Branch," *held*, too vague and indefinite to create a right of property in any particular parcel of land. *U. S.* v. *King*, 3 How., 787 ; *Westfalls* v. *Cottrells*, 24 W. Va., 763.

Appeal from decree of chancery court of city of Richmond, rendered December 13, 1890, in a certain cause wherein Henry Bates and others were complainants and John P. George, M. B. Brown, and others were defendants. The decree being adverse to the defendants, they appealed. This cause is a sequel to the cause of *Bates & als.* v. *Brown & als.*, 80 Va., 126. Opinion states the case.

*John Dunlop* and *Leigh Robinson*, for appellants.

*J. H. W. Peploe* and *Hill Carter*, for appellees.

HINTON, J., delivered the opinion of the court.

This suit in equity was instituted in 1874 by the plaintiffs, the present appellees, to have certain lots, which are specifically enumerated in a deed of trust of October 28, 1824, from the grantor, James Brown, Sr., to Copeland, Macmurdo & Burton, trustees, as lots in Duval's addition, numbered 151, 152, 153, 154, 155, 156, 157, 158, 159, 160,   *   *   163, 164, &c., released from the obligation of said trust. .

They, the plaintiffs, say that the said Brown, who was a man of large property, subsequently, to wit, on the 6th of August, 1825, executed another trust deed to Charles Copeland, Robert Burton, and Samuel Taylor, trustees, as additional security to James Scott, executor of John Leslie, deceased; that in this latter deed two classes of property are conveyed; that the first class comprises unencumbered property, which is conveyed with particular description; that in the second class is contained several parcels of encumbered lands, which are described in the most general terms; and they insist that the twenty-six acres now in dispute were conveyed in this last mentioned deed of trust by the words: " All the interest of every description that may result to the said James Brown * * in a certain piece or parcel of land near Bacon Quarter branch * * * after the execution of a prior deed thereon."

To the bill there was a demurrer and answer; and upon the hearing the chancery court of the city of Richmond dismissed the bill of the plaintiffs, Bates and others. Whereupon an appeal was taken to this court.

In January, 1885 (see 80 Va., 126), this court rendered its decision, holding, in effect, that when a bill presents a case meet for equity, and exhibits are filed tending to support such a case, and the answer denies the identity of the property claimed by the plaintiff with the property which had been conveyed, it is error for the court to determine the question of identity on the pleadings and exhibits without giving the parties full opportunity to take all desired testimony.

The cause was remanded then for the purpose of allowing all the evidence to be adduced and to be determined upon the merits.

In obedience to mandate of this court the chancery court made the necessary order of reference to one of its commissioners, who reported that the said Samuel Taylor, the surviving trustee in the deed of August 6, 1825, sold the said twenty-six acres on Bacon Quarter branch.

To this report the defendants excepted, but the chancery court overruled their exceptions, and ordered said twenty-six acres to be released to the plaintiffs. In this we think the court below manifestly erred.

The claim of the plaintiffs is that in May, 1844, the surviving trustee in the deed of August 6, 1825, offered for sale " by virtue of a deed of trust from the late James Brown to the undersigned, * * * a certain piece or parcel of land near Bacon Quarter branch." That this property, at the sale which ensued, was bought by T. F. Crew for the sum of $5 50 and by him sold on the 27th February, 1854, for the consideration of $1 to Micajah Bates, the ancestor of the plaintiffs. And that this piece or parcel of land, thus acquired, contains twenty-six acres and is the identical property conveyed by the trust deed of 1824, as lots in Duval's addition numbered as 151, 152, &c. Now it may well be questioned, as has been done by the learned counsel for the defendants, whether " A description which consists only of the words: a piece or parcel of land near Bacon Quarter branch," is too vague and indefinite to create a right of private property in any particular parcel of land, which could be maintained in a court of justice. *U. S.* v. *King*, 3 How., 787. And this was manifestly the view of this court when it sent the case back for testimony to be taken, for it had then all the advantages to be derived from the deeds which were before it, and if the lights derived from the deeds had been sufficient to identify the property, there would have been no necessity for sending the case back. " To give a deed any sensible operation, it must describe the subject matter of the conveyance, so as to denote, upon the instrument, what it is in particular, or by a reference to something else which will render it certain. The want of such a description or reference in a deed is a defect, which renders it totally inoperative." *Kea* v. *Robeson*, 5 Ired. Eq., 373.

And in the case of *Dickens* v. *Barnes*, 79 N. C., 490, the court says: " A deed conveying land and describing it as ' one

tract of land lying and being in the county aforesaid, adjoining the lands of A and B, containing twenty acres more or less,' *does not constitute color of title*, and possession under it is not adverse. Such description is insufficient and cannot be aided by parol proof." See, also, 5 Jones, Eq., 155; *Westfalls* v. *Cottrills*, 24 W. Va., 763; *Clark* v. *Chamberlain*, 112 Mass., 19; *Lumbard* v. *Aldrich*, 8 N. H., 31.

It may then well be doubted whether the description relied on in the present case passed any title to Samuel Taylor, and if they did not, of course none could be transmitted by him.

But passing from this point, the evidence, instead of strengthening the plaintiff's case, shows that Mr. Taylor himself could find no such land, and that such was the growing uncertainty with regard to this claim that although it was bought in 1844 for the pitiful sum of $5 50, it sold ten years afterwards—notwithstanding the presumed enhancement in the value of real estate—for only one dollar. Without going more into detail, we think it sufficient to say that the twenty-six acres claimed by the plaintiffs has not been identified as the property conveyed in the deed of 1824, and that the decree of the chancery court must be reversed and the plaintiff's bill must be dismissed.

DECREE REVERSED.