## T. G. BARKER v. SOUTHERN RAILWAY CO. *et al.*

(Decided December 23, 1899.)

*Ejectment—Insufficient Description—Location in Fact— Estoppel by Act of Grantor—Color of Title.*

1. A deed to be color of title must attach to some particular tract.
2. Where the description in itself is too vague to be located by outside evidence, it may *in fact* be located by the grantor himself, and he may be estopped from denying his own act, if at the time of conveyance he has the lot surveyed and placed the grantee in actual possession under designated lines and marked corners.
2. There is a clear distinction between cases where the parties themselves have definitely located the land, and where it is merely sought to locate it by outside testimony, not in the nature of admissions.

EJECTMENT, tried before *Coble, J.,* at Spring Term, 1899, of the Superior Court of HENDERSON County.

The plaintiff had been original owner of the land in controversy, and had conveyed the same to the Spartanburg & Asheville R. R. Co., under whom the defendant claims. The contention of plaintiff was, that his deed was too indefinite to convey any title, and too vague to be aided by parol evidence.

The description of the land contained in plaintiff's deed, and the evidence offered by defendant in support of the deed, are contained in the opinion.

His Honor held that the description was too vague, and excluded the evidence offered in support of it.    Defendant excepted.

There was verdict and judgment for plaintiff.    Defendant appealed.

*Messrs. Smith & Valentine,* for plaintiff, (appellee).

*Messrs. G. F. Bason,* and *A. B. Andrews, Jr.,* for defendant, (appellant).

DOUGLAS, J.    This is an action in the nature of ejectment. On April 1, 1879, the plaintiff executed to the Spartanburg and Asheville Railroad Company, whose title the defendant now owns, a deed with the following description:    "Adjoining the lands of T. G. Barker (the plaintiff), beginning at a stake on the east side of the railroad track and on said track, and runs east 20 south 270 feet to a stake; thence north 2 west 240 feet to a stake; thence west 20 north 270 feet to a stake in the railroad track; thence south 2 east with the railroad track 240 feet to the beginning, containing 1½ acres    *    *    *    for its use as a stockyard, and other railroad purposes."

The defendant introduced testimony tending to prove that at the time of the execution of said deed the plaintiff had a surveyor to run out and locate the lot in controversy, and put the Asheville and Spartanburg Railroad Company in actual possession thereof; that the said company built a fence around said lot, the line of which fence can still be seen; and that the said company and its successor in title, the defendant, have remained in actual and continuous possession of said lot to

the present time.    The plaintiff now seeks to recover said lot, on the ground that the descriptive words in the deed are insufficient to convey title as being too vague and indefinite to admit of location.

This contention of the plaintiff as to the insufficiency of the description appears to be correct.    There is not a single corner fixed by anything more definite than a stake, which as far back as *Massey v. Belisle,* 24 N. C., 170, 178, was held insufficient as designating "imaginary points."    It is true the stake is said to be on the east line of the railroad, but that is extremely indefinite, as the railroad is of great length.    The lot in question is again said to adjoin the lands of the plaintiff, which we presume means simply the land from which it was cut off, but on which side it adjoins does not appear.    In other words, from the description in the deed the lot attempted to be conveyed might be shifted up and down the railroad for an indefinite distance.    We, therefore, think the description is not sufficient.    *Massey v. Belisle, supra; Mann v. Taylor,* 49 N. C., 272; *Archibald v. Davis,* 50 N. C., 322; *Hinckey v. Nichols,* 72 N. C., 66.    There are a large number of other cases holding insufficiency of description; but the above are cited as directly based upon a description calling for stakes alone.

It is urged in behalf of the defendant, that, while the description in the deed is too vague to admit of identification by parol evidence, the deed itself purports to convey something, and therefore may be color of title.    This contention is opposed equally to reason and authority.    A deed to be valid on its face requires not only a grantor and a grantee, but a thing granted.    If the description is too indefinite to convey anything,    then    the paper *on its face* lacks one of the essential elements of a conveyance.    A deed can not be color of title to land in general, but must attach to some particular

tract.  Otherwise we would be brought to the absurd conclu-
sion that a man holding a deed purporting to convey a hun-
dred acres of land by stakes and distances only, might shift
his color of title to any part of the county by merely "pulling
up stakes" and squatting upon any land he might fancy. This
Court has repeatedly held that "a deed is color of title only
for the land designated and described in it."    *Davidson v.
Arledge,* 88 N. C., 326; *Smith v. Fite,* 92 N. C., 319; *King
v. Wells,* 94 N. C., 344; *Dickens v. Barnes,* 79 N. C., 490.
In this last case, FAIRCLOTH, J., speaking for the Court, says:
"If the claim of the party be invalid on its face, or if the deed
under which he claims be void, or insufficient in form to pass
title, *or the description therein be fatally defective,* in such
cases the possession is not adverse under our statute, because
the party acquiring possession must be presumed to know the
law and to see that *in such cases there is no color of title.*"

While we have come to the conclusion that the description
in itself is too vague to be located by outside evidence, it
appears from the testimony that the land was *in fact* located
by the plaintiff himself, who is thus estopped from denying
his own act.    Having had the lot surveyed, and placed the
defendant in actual possession thereof under designated lines
and marked corners, he is now bound by his own admission,
and can not be permitted to controvert the legal effect of his
own conduct to the prejudice of another, especially after such
long acquiescence.    There is a clear distinction between cases
where the parties themselves have definitely located the land
and where it is merely sought to locate it by outside testimony
not in the nature of admissions.    We think this distinction
is recognized inferentially in *Massey v. Belisle, supra,* where
the Court says, on p. 177:  *"The stakes may be real bounda-
ries when so intended by the parties,* but it is a settled rule
of construction with us that when they are mentioned in a

deed simply, or with no other description than that of course and distance, they are intended by the parties, and so understood, to designate imaginary points."

If the facts are true as testified upon the trial, we think the plaintiff is clearly estopped from denying his location of the land, and therefore can not recover.    For error in the charge of the Court a new trial must be ordered.

New trial.


FAIRCLOTH, C. J., concurring in the result.    On April 1, 1879, the plaintiff conveyed by deed a lot of land to the defendant, the Spartanburg and Asheville Railroad Company, in Henderson County, described in these words: "Adjoining the lands of T. G. Barker (the plaintiff), beginning at a stake on the east side of the railroad track and on said track, and runs east 20 south 270 feet to a stake; thence north 2 west 240 feet to a stake; thence west 20 north 270 feet to a stake in the railroad track; thence south 2 east with the railroad track 240 feet to the beginning, containing 1½ acres    *    *    *    for its use as a stockyard and other railroad purposes."

The plaintiff now sues for the possession of said lot, on the ground that the descriptive words are insufficient to convey title.

It was proved that the defendant entered into immediate possession, with the consent of the plaintiff, and has been in actual possession ever since.    The defendant was allowed to prove by parol that the plaintiff, at the time the deed was executed, had a surveyor to run out and locate the land, and that the defendant put a fence on the line established by the surveyor, and that he put the defendant in possession of the lot, known as the "stock-lot" in the town of Hendersonville. At the close of the evidence his Honor instructed the jury

that, if they believed the evidence, they should answer the issue in favor of the plaintiff.    Verdict and judgment for the plaintiff.    The defendant appealed.

The extrinsic evidence was competent.    It does not contradict the deed, but it is the unwritten part of the agreement and was useful to find out the intention of the grantor and grantee.    The Court, when it can do so, desires to give effect to the intention of the parties.    The descriptive part of the deed is not a blank.    It fixes the locality on the east side of the railroad track and on said track.    The jury, with these simultaneous acts and declarations of the grantor, would be able to locate the land referred to in the deed.    Assuming, however, for the sake of argument that the deed is defective in its descriptive clause, I still think it is color of title.    Color of title, when the language is plain and unambiguous, is a question of law for the Court.    Any deed, having a grantor and grantee and containing a description of the land intended to be conveyed, and apt words for its conveyance, is color of title.    Color of title is defined to be that which in appearance is title, but which in reality is no title.    "Color of title may be defined to be a writing upon its face *professing* to pass title but which does not do it, either from a want of title in the person making it, or the defective mode of conveyance which is used, and it would seem that it must not be so obviously defective that no man of ordinary capacity could be misled by it."    *Tate v. Southard,* 10 N. C., 119.    "To constitute color of title, there must be some written document of title *professing* to pass the land, which is not so obviously defective that it could not have misled a man of ordinary capacity."    *Dobson v. Murphy,* 18 N. C., 586.    A deed then, like the present, regular and complete in all respects, except in the starting point, which would only be detected by the scrutiny of a legal mind, must fall within the above defini-

tions, and the bona fide possession of the defendant for a time far beyond the statutory period can not be defeated by the grantor or anyone claiming under him.

The defense may rest upon another ground. The plaintiff, having by his deed professed to convey the land, and having at the same time surveyed and located the corners and lines, and put the defendant in possession of the premises within those lines, and allowed his possession to remain uninterrupted for a long time, can not now be allowed to disturb that possession. He is *estopped* by his own act and deed.

I think there was error below.