Ruffin,- Cl J.
 

 It' is sufficiént for the purposes of the plaint tiff in this suit if any one of the several proceedings will sustain the sale. Certainly the process and proceedings are' very informal, as indeed almost all the acts of magistrates out of court, and of their officers are. It has been found indispensable to shew them great indulgence hitherto; and'we are bound by the precedents: It is plain that the execútion was bn the same paper with the judgment, and by reference to it it is made certain as to the debt, interest and costs, and the person who recovered the same. The case,' therefore, falls upon those points within those of
 
 Forsythe
 
 v.
 
 Sykes, 2
 
 Hawks 54, and
 
 Governor
 
 v.
 
 Bailey,
 
 3 Hawks, 463.
 

 We see no objection to the'levy upon its fa'ce; as without further evidence we cannot undertake to say, that the land is not sufficiently identified by the description,-or that there were
 
 *25
 
 any other means by which it could have been more perfectly identified, as by water courses, if it laid on any, or the like.
 

 The court is of opinion, that it was not competent to prove by parol on the trial of the ejectment, that notice had been given to the defendant by the constable1. Such evidence the opposite party ought, of course, to have the right of answering by conflicting evidence ; and, thus, the obligation of the judgment of a court would depend, not on its own terms or the authority of those who gave it, but on the credit given to the testimony of witnesses, as to the proceedings in the cause.
 

 We think, however, that the evidence of the witness was unnecessary, and that the objection was untenable, to which the evidence was to apply. We have lately in
 
 Bushe
 
 v.
 
 El
 
 liot, 4 Ired. 355, had occasion to consider this question, and we then gave it as our opinion, that the rendering of the judgment imports that notice has been duly given to the defendant, unless, indeed, the contrary clearly appear. But in this case the court expressly declare upon the record, that due notice was given, and that precludes all contradiction, or indeed, en-quiry into the matter. The judgment must therefore be affirmed.
 

 Per Curiam, Judgment affirmed.