Ruffin, C. J.
 

 That no further evidence of the service of notice, as required by the statute,
 
 Rev. St. c.
 
 45,
 
 s.
 
 19, is requisite, besides that contained in the record itself, was decided in
 
 Burke
 
 v.
 
 Elliott,
 
 4 Ired. 355, which disposes of the last exception.
 

 Upon the other objection, as to the sufficiency of the return of the levy, the cases of
 
 Smith
 
 v.
 
 Low, 2
 
 Ired. 457, and
 
 Blanchard
 
 v.
 
 Blanchard,
 
 3 Ired. 105, are in point to sustain the opinion given by his Honor. It was held in those cases, that the construction of the aet did not imperatively require, that it should be literally followed, provided it appeared upon evidence, that the description given was equivalent to that prescribed as the means of distinguishing and identifying the parcels.
 

 It is a very common practice for gentlemen, of the bar, for the convenience of themselves and their clients, to use, as evidence, the original documents and minutes, instead of the record as finally made up or supposed to be made up from them, or a copy from it, as enrolled. When the evidence is offered in the same Court in which the proceedings were had, no difficulty can occur; because the Court knows its own proceedings and records, and can
 
 instanter
 
 order the enrolment, and give the parties dhe benefit of it, in its complete state. When the proceedings are in one Court, and they are offered as evidence in another, regularly the original documents or minutes,'which may need evidence to identify them, are not evidence, but only the record made up or a copy from it, authenticated by the seal of the Court. This we had supposed to be so perfectly understood, that no one would think of objecting, that it did not appear from the originals and minutes (when admitted by consent,) that they were not enrolled or recorded, as it is called; or would absurdly require, that it should be shewn by the enrolment that they had been enrolled, when, in truth, those
 
 *386
 
 documents by consent are received instead of the reguiar roll itself. In- this case, the objection is, that it did not appear in evidence that the* proceedings, had before the-justice, had been recorded by the Clerk in a well-bound book, as directed by the- act of 1794,
 
 Rev. St. c.
 
 62,
 
 s.
 
 16, which it seems to have been supposed could only appear by the minutes of the County Court. Rut, whether the proceedings were recorded or enrolled, could, in this case, as in every other, appear only from the enrolment, or a copy duly certified under seal, and could not appeal? from the minutes.
 

 For the direction to record these .proceedings in a well bound book is nothing peculiar, but is only providing that they, although originating before a justice out of Court, 'shall when returned to Court and made the foundation of an adjudication there, be enrolled for their preservation, as the process, pleadings- and other proceedings are in other cases. Therefore, when a copy of the record of the County Court, or what purports to be such record, is produced, it establishes that every thing therein appearing is enrolled; for that is in truth the copy of the enrolment in legal parlance. Hence after reading in evidence the transcript from the County Court in this case, it was superfluous to produce the originals with the clerk’s mem-oranda on them, to let it be seen therefrom, that they had been recorded i for they were not evidence at all of any any such thing, whereas the other was the thing itself or a copy of it. But if only the originals and minutes were read, as they were not objected to on the grounds of their being .such originals and not the record technically, it must be understood, that they were received by consent, as evidence of every thing that would appear in the roll, when regularly made up from them ; and the objection, as being incompatible with such consent, would then be properly over-ruled. In every point of view, therefore-, the decision of his Honor was right.
 

 It is a well settled rule of .evidence, .that the declara*-
 
 *387
 
 tions of a person, after he has made a deed, cannot be received to impeach it, because they were made when he had no interest in the subject, and it would be unsafe and unreasonable, that the interests of another person should be attacked by them. It is also true as there Is,
 
 prima facie,
 
 to be a presumption of truth and fairness in all transactions, that the date of a deed is to be taken as the time of its creation, until there be evidence to the con" trary. But in the present case it is stated as a fact, that the date of the deed was not that of its execution — 'but about one year prior t© it — and it was contended, that the declarations of Doby, of a fraudulent purpose to execute to Ward a deed in trust for himself and give it a false date,
 
 coaid
 
 not be received, because, though made before the deed was actually executed, they were made after the time the deed falsely purports to have been executed. Such a position is perfectly preposterous, as it would make fraud a complete protection to itself, and enable admitted falsehood to exclude the truth. If the deed had been dated truly, it would have afforded no pretence for excluding the declarations of Doby through 1840, of the purpose to make a voluntary conveyance to his brother-In-law, because he was then the owner and possessor of the land. Then it is impossible that those declarations, thus made, while he was the owner and possessor, should lose their competency and effeet by the subsequent execution of a deed in April 1841, and giving it the false date of April 1840. After the evidence as to the time of ma-)j king the deed, the Court properly received the declara-. tions, for the purpose of directing the jury to enquire of the true time of the execution of the deed, and, further, to disregard such declarations as were made after the day on which they should find.the deed was executed, but to take into their consideration those made before the execution of the deed as evidence, to be’ weighed by them,
 
 of
 
 the
 
 bona
 
 or
 
 mala fieles
 
 of the transaction.
 

 Pee, Curiam. Judgment affirmed-