Battle, J.
 

 The bill stated that the defendant, on the 14th 'day of December, 1846, made an entry in the entry taker’s office for the county of Randolph, in the words and figures following
 
 :
 
 — “ No. 528, Michael Williams enters 50 acres of land on the waters of Uharee, both sides adjoining the lands of Robert Walker, Henry Fuller and his own, and runs for complement, Dec. 14, 1846.” That on the 2nd day of January, 1847, he, the plaintiff, made an entry in the same office as follows
 
 :
 
 — “ No. 535, Henry Fuller enters 100 acres of land on the waters of Uharee adjoining the lands of his own, and runs for complement, January 2nd, 1847.” * The bill then alleged that the defendant, with full knowledge of the location of the plaintiff’s entry, changed his location, and on the 10th of May, 1847, procured a grant from the State for land covering in part that located by the plaintiff, and for which he obtained a grant on the 13th day of November, 1849. The defendant put in an answer in which he denied that, he had changed the location of his entry ; denied further that he had any knowledge of the location of the land made by the plaintiff, and insisted that his entry was so vague and indefinite, that he could not show where the land was situated. A replication to the answer was filed, and the parties, after completing their proofs, had the cause set for hearing and transferred to this Court.
 

 An examination of the proofs in this case is unnecessary, for it appears upon the face of the bill that it cannot be sustained. The plaintiff’s entry contains a description, so vague, indefinite and uncertain, that until actually surveyed and located, it cannot identify any particular parcel of land, and consequently cannot give such notice as will affect any other person who makes an entry, has it surveyed, and takes out a grant. The defendant’s entry was in truth prior to that of the plaintiff, and much more definite ; but if it had not been, the recent case of
 
 Munroe
 
 v.
 
 Mc
 
 
 *164
 

 Cormick,
 
 6 Ire. Rep., 85, is a direct authority against the right of the plaintiff to the relief which he seeks. In that case, which is founded upon the previous ones of
 
 Harris
 
 v.
 
 Irving,
 
 1 Dev. & Bat. Eq. Rep., 369, and
 
 Johnson
 
 v.
 
 Shelton,
 
 4 Ire. Eq. Rep., 85, it is said that “ When one makes an entry so vague as not to “ identify the land, such entry does not amount to notice, and “ does not give any priority of right as against another individual, “who makes an entry, has it surveyed, and takes out a grant.
 
 “
 
 By a liberal construction of the law, such entries are not void “ as against the State. It is not material to the State what vacant “ land is granted ; but such entries are not allowed to interfere “ with the rights of other citizens, and are not susceptible of being “ notice to any one, because they have no identity.”
 

 “ When an entry is vague, it acquires no priority until it “ is made
 
 certain
 
 by a survey. The good sense of this principle. “.will strike every one as soon as it is suggested.”
 

 The plaintiff’s entry in this case, being too vague to identify any particular-piece or parcel of land, and not having been made
 
 certain
 
 by a survey, before the defendant obtained his grant, the bill cannot be sustained, and must be dismissed with costs.
 

 Per Curiam. Bill dismissed.