W. W. GRIER and others *v.* MOSES H. RHYNE.

A contract to convey " a certain piece of land in the county aforesaid adjoining the lands of " A and B " and others, being a part of the Alexander tract, supposed to contain 30 or 35 acres," is so vague and indefinite that a Court cannot enforce it specifically.

CIVIL ACTION to recover a tract of seventy acres of land and damages, tried before *Logan J.,* at Spring Term, 1873, of GASTON Superior Court.

The following is the case " settled " and transmitted to this Court:

Plaintiffs claimed the land as purchasers under the proceedings in an attachment which was in evidence against one G. C. Rhyne, under whom defendant also claimed.

The attachment was issued 10th June, 1869, levied on the land on the 12th, and on the 24th July judgment was rendered in favor of plaintiffs for $178.05 ; the same was docketed on the 6th August, an execution issued, and at the sheriff's sale, plaintiffs became the purchasers, bidding $180, to whom the sheriff made, on the 7th November, 1870, a deed for the whole 70 acres.

Defendant admitted himself in possession, and offered in evidence a bond from the said J. C. Rhyne, in the penal sum of $1,000 of date, 9th April, 1869, and conditioned as follows :

" The condition of this obligation is such that whereas the above bounden J. C. Rhyne, hath contracted and agreed to sell and convey to the said M. H. Rhyne and his heirs, a certain piece of land in the county and State aforesaid, adjoining the lands of S. J. Suggs and M. H. Rhyne and others, being a part of the " Alexander " tract of land, supposed to contain 30 or 35 acres, on receiving the sum of $14 per acre, being the price agreed on between the parties.

" Now, therefore, if the said Rhyne, on receiving the said purchase money, together with the lawful interest that may accrue on the same, shall well and truly at his own proper costs and charges, make and execute to the said M. H. Rhyne and his heirs, a good and sufficient deed of conveyance with general warranty and full covenants to convey and assure him, the said M. H. Rhyne, and his heirs, a good and indefeasible estate of inheritance in fee-simple, in and to the aforesaid tract of land, with the privileges and appurtenances thereto belonging or in anywise appurtaining, free and discharged of any and all incumbrance whatever, then the above obligation to be void," &c.

Defendant then offered in evidence the deed of the said J. C. Rhyne and wife, dated 10th of August, 1869, conveying the whole of the " Alexander " tract, containing 70 acres to defendant, reciting as the consideration therefor, the sum of $800, in hand paid, under the following boundaries and description, viz :   (Here follows the boundary.)

One Shipp, a witness for defendant, testified that he wrote the foregoing bond, and the day J. C. Rhyne signed it, he left the county ; that said Rhyne was indebted to him, as executor, the sum of $590, specie ; that in a few days after the bond was signed the defendant paid $200 on the note,

and one A. P. Rhyne gave him his due bill for $300, which was soon paid off, and which discharged his debt, one Lineberger having before made a payment on it.

Defendant asked this witness if the parties (to the bond) went around the land and marked off what was intended to be embraced in the bond? The question was objected to by plaintiff but received by the Court. Witness answered and stated that he was present and stepped off the ground meant to be included in the bond, and the same was selected from that part of the " Alexander " or 70 acre tract, next to and adjoining the defendant's land, and from their stepping off the same, it was estimated that it would amount to 30 or 35 acres; that it would yield 15 or 20 bushels of corn and 500 lbs. of cotton per acre. In the Summer witness wrote to J. C. Rhyne concerning the attachment, advising him to return, which he did, and made the deed to the defendant for the whole 70 acres.

J. C. Rhyne, himself, called by plaintiffs, testified that he truly owed the amount recovered by plaintiffs in their attachment; that he also owed the witness (Shipp) as before stated, and A. P. Rhyne. That after his return from Mitchell county, where he had been, he made the deed to M. H. Rhyne; that no money passed, but out of it was to be paid what was due to Shipp, and the balance to A. P. Rhyne.

On this evidence the plaintiff insisted :

1. That they were entitled to the whole 70 acres of land.

2. That the bond for title was invalid for uncertainty as to land intended to be conveyed.

3. That the delivering up of the bond for 30 or 35 acres, and taking a deed for 70 acres was a voluntary rescision and cancellation of the bond, and the covenants and rights existing under it, and having taken place after the levy, the deed made in pursuance of the new contract was void as to creditors and purchases under the *venditioni exponas.*

4. That if the deed, absolute on its face, was executed with

parol trusts in favor of third parties, it was void as to creditors.

5. That if M. H. Rhyne had paid only $200 of the purchase money and not otherwise bound himself for the residue of the purchase money, the deed is void—M. H. Rhyne not being a *bona fide* purchaser.

As to the second of the above points, and the only one considered in this Court, his Honor charged the jury that in his opinion the bond for the 30 or 35 acres of land was not too vague and uncertain to render it void.

The jury, upon the issues submitted to them, some of which are not material to the point decided, among other things, found that there was no fraud in reference to the bond between G. C. and M. H. Rhyne; that the defendant is entitled to the number of acres contained within the boundaries contracted in the bond; that the plaintiffs are entitled to $20 damages and the remaining portion of the 70 acres.

Judgment in accordrnce with the verdict, from which plaintiffs appealed.


*Guion,* for appellants.


It is one of the first principles of the doctrine of specific performance that the contract sought to be performed must be *certain and clear in all its material terms.* *Mallory* v. *Mallory,* Busb. Eq. 83; *Plummer* v. *Owens,* Ibid. 255; the paper produced, too vague and uncertain. *Murdock* v. *Anderson,* 4 Jones Eq. 78.

In *Richardson* v. *Godwin,* 6 Jones Eq. 230, " It is settled that where an insufficient description is given parol evidence is not admissible to show what the parties meant, or to identify the particular parcel of land which was the subject matter of the written contract. This must be done by the terms of the contract, and an insufficient discription

cannot be added to or helped out by parol proof of what was said before at the time or after the written contract was executed. *President & Directors Deaf & Dumb Institution* v. *Norwood,* Busb. Eq. 65.

Every deed must set forth a subject matter, either certain in itself, or capable of being reduced to a certainty by reference to something extrinsic to which the deed refers. *Massey* v. *Belisle,* 2 Ired. 170 ; *Munn* v. *Taylor,* 4 Jones 272.

Same point also held that parol evidence is inadmissible to *aid* or *add* to the description of land or other instrument. *Archibald* v. *Davis* 5 Jones 324, 325.

As to cancellation. *Reed* v. *Deere,* 12 E. C. L. 291.

The verdict is as uncertain as defendant's bond. The verdict and judgment should specify the particular parcel or tenement to which plaintiff is entitled in manner and form stated in complaint. See Tidd's Practical Forms 156 ; *Johnson* v. *Newill,* 65 N. C. Rep. 678 : C. C. P. 261, sub. sec. 4.

*Wilson* and *Schenck,* contra.

READE, J. The plaintiffs are entitled to recover the land demanded, unless the defendant's defense will avail him.

The plaintiffs claim under a purchase at execution sale against one G. C. Rhyne. The defendant claims under a contract of purchase and a bond for title from the same G. C. Rhyne prior to the lien of the execution under which the plaintiffs claim.

The plaintiffs claim the whole tract of seventy acres. The defendant claims a part of the same tract under a bond for title as follows : "The condition of this obligation is such that whereas the above bounden G. C. Rhyne hath contracted and agreed to sell and convey to the said M. H. Rhyne and his heirs a certain piece of land in the county aforesaid adjoining the lands of S. J. Suggs and M. H. Rhyne and others, being a part of the Alexander tract, sup-

posed to contain thirty or thirty-five acres, on receiving the sum of $14 per acre," &c.

This thirty or thirty-five acres it appears was to be a part of the tract of seventy acres, which the plaintiffs claim. And as the plaintiffs bought with notice of the defendant's equitable claim, they would be bound by it. And they would be declared to hold so much of the land as trustees for the defendant, and would be compelled to convey to him.

But the difficulty in the defendants way is, that his contract of purchase of thirty or thirty-five acres, to be taken off a tract of seventy acres, without saying where it is to be taken off is so vague and indefinite that we cannot enforce it specifically. It is uncertain in quantity and uncertain in boundary, and there is no reference to anything by which the quantity or the place can be made certain. The plaintiffs must therefore recover the whole tract of land.

But still the defendant has an equity against the plaintiffs which must be protected, in this: the defendant had contracted for an interest in the land, and had paid a part of the purchase money. And upon a failure to get title he is entitled to recover his money back and to have the land charged with it. The plaintiffs having bought with notice are affected by his equity and the same is a charge upon the land in their hands. Upon another trial there should be an enquiry as to the amount paid by the defendant, and upon the payment of that sum with interest to the defendant by the plaintiffs they will be entitled to recover the land.

Otherwise the land should be sold and the rights of the parties adjusted in accordance with this opinion. Legal and equitable rights are now administered in the same action.

There is error.

PER CURIAM.                                        *Venire de novo.*