JOHN L. HINTON v. JOSIAH ROACH.

*Judgment—Execution—Dormant Judgments—Description of Land in a Deed.*

1. A variance between the execution and the judgment, in regard to the sum due, does not vitiate a sale made under the execution.

2. A stranger purchasing at a sale under an execution issued on an irregular judgment, gets a good title, and even the plaintiff in the judgment gets a good title, unless the judgment is afterwards set aside, upon a motion by a party to the judgment who is prejudiced by the irregularity.

3. In an application to revive a dormant judgment, the affidavit of the judgment creditor is not the only evidence upon which the Clerk may proceed, and when the judgment debtor is present, and makes no objection to the order, it is sufficient evidence to warrant the revival of the judgment, although the judgment creditor does not make an affidavit at all.

4. Where a deed described the land, as "a certain tract in N. Township, adjoining the lands H. S. and others, said to contain 37½ acres;" *It was held,* a sufficient description to admit parol evidence to fit the description to the thing, and identify the land.

(*Marshall* v. *Fisher,* 1 Jones, 11; *Hervey* v. *Edmunds,* 68 N. C., 243; *Skinner* v. *Moore,* 2 D. & B., 138; *Bender* v. *Askew,* 3 Dev., 149; *Green* v. *Cole,* 13 Ired., 425; *Parsons* v. *McBride,* 4 Jones, 17; *Bayley* v. *Wood,* 12 Ired., 70; *Surratt* v. *Crawford,* 87 N. C., 372; *Farmer* v. *Batts,* 83 N. C., 387; *Harrell* v. *Butler,* 92 N. C., 20, cited and approved).

CIVIL ACTION, to recover land, tried before *Gudger, Judge,* at June Term, 1886, of PASQUOTANK Superior Court.

The plaintiff introduced a Sheriff's deed, in which it is recited, that by virtue of an execution, issued from the Superior Court of Pasquotank county, the Sheriff had levied upon and sold to John L. Hinton, who was the plaintiff in the judgment, that certain tract of land, situated in Newland Township, joining the lands of the said Hinton, M. P. Stokely, and others, containing thirty-seven and a half acres. The deed bears date the 18th of September, 1878. He also offered in evidence, the execution under which the Sheriff sold the land, which is as follows, to-wit:

"WHEREAS, Judgment was rendered on the 23d day of April, 187–, in action between Jno. L. Hinton, Plaintiff, and Josiah Roach, Defendant, in favor of the said Jno. L. Hinton against the said Josiah Roach, for the sums of $28, with interest from March 2d, 1854, and $63.25, with interest from May 8th, 1860, and $50, from Jan. 9th, 1862, as appears to us by the judgment roll, filed in the office of the Clerk of said Court. And whereas, the said judgment was docketed in said County, on the 23d day of April, 1870, and the sum of One Hundred and Forty-one Dollars and Twenty-five Cents is now actually due thereon, with interest on the same, as above stated. And the further sum of Four Dollars and Seventy Cents and Four Dollars and Twenty-five Cents, accrued costs and disbursements in said suit expended, whereof the said Josiah Roach is liable.

"You are therefore commanded, to satisfy the said judgment out of the personal property of said defendant within your county; or if sufficient personal property cannot be found, then out of the real property in your county belonging to such defendant, on the day when the said judgment was so docketed in your county, or at any time thereafter, in whose hands soever the same may be; and further to return this execution within the first three days of the next term of our Superior Court. Issued the 1st day of July, 1878."

The foregoing execution is endorsed on the back, as follows: "Received July 1st, 1878." (Signed) T. J. Murden, Sheriff.

"And levied on same day on thirty-seven and one-half acres of land in Newland township, bounded by the lands of J. L. Hinton, W. J. Spence and others, adjoining the farm where said Josiah Roach resides."

And across the back of same, in pencil mark is the following endorsement: ·

"Sold Josiah Roach's interest in 37½ acres land, Jno. L. Hinton, purchaser, at $25.00. This 18th of Sept. 1878, Fall Term."

He then offered the following documentary evidence from the judgment docket of Pasquotank Superior Court:

No. 224, "John L. Hinton *v.* Josiah Roach. Judgment for $28, dated March 2d, 1854. Second given for $20: Third for $43.25, both dated May 8th, 1860. Fourth given for $50, dated Jan. 9th, 1862, and the further sum of $4.70 costs of action. April 23d, 1870. Judgment transcript, April 2d, 1870."

The following entries are made upon said judgment:

"John L. Hinton maketh oath in due form of law, that he obtained a judgment against the above person in the Magistrate's Court, April 23d, 1870, and the same was docketed on the judgment docket of the Superior Court of Pasquotank county, as appears from the record of said Court, April 23rd, 1870, for the sums of $28.00, with interest from March 2d, 1854, and for $20.00 and $43.25, with interest from May 8th, 1860, and for $50.00, with interest from January 9th, 1862, and the further sum of $4.70, the costs of the action.

"And asks the Court that the judgment may be revived, and execution issue thereon in manner as law directs, and to that end he will appear before the Clerk of said Court on the 22d day of June, 1878, and make motion for renewal, &c., as aforesaid."

On the back of the foregoing affidavit the following order was written:

"Upon the hearing, upon the motion in this cause (the defendant being before the Court), the same being heard upon the notice and affidavit in the cause, and the defendant failing to produce any receipt, or otherwise showing that said judgment was satisfied in whole or in part; it is therefore ordered, that execution issue in manner and form as the law directs for the sum, &c., set out in said judgment, together with the additional costs of $3.25, advanced by plaintiff for the costs thereof, the day and date abovesaid."

"Execution issued July 1st, 1878, and levied on same day on $37\frac{1}{2}$ acres of land in Newland township, bounded by the lands of J. L. Hinton, W. J. Spence and others, adjoining the farm where said Josiah Roach resides. (Signed) T. J. Murden, Sheriff."

The plaintiff then offered to show by parol testimony, that the defendant, Roach, owned no other land than that described as joining the lands of M. P. Stokely, J. L. Hinton, W. J. Spence, and the lands on which said Roach lived, and that the land described in the Sheriff's levy and deed, and in the complaint, were the same, and that the defendant was in the wrongful possession of the same.

This testimony was received, and the defendant excepted, because, as he alleged, the deed was too vague and indefinite to convey anything.

The plaintiff rested his case, and the defendant asked for judgment, 1st, because the plaintiff had neither shown a judgment from the Justice of the Peace, nor a transcript of his judgment, and had only shown an entry on the judgment docket of the Superior Court of Pasquotank county; 2d, because the judgment was dormant at the time of execution issued, as it was not revived either upon satisfactory proof or affidavit; 3d, because the record shows no judgment in favor of plaintiff; 4th, because the deed and complaint are too vague and indefinite to allow the plaintiff to recover.

His Honor overruled the motion, and charged the jury, if they should find the defendant in possession of the land, to render a verdict for the plaintiff on the issues submitted to them.

There was verdict and judgment for the plaintiff, and defendant excepted and prayed an appeal to the Supreme Court.

No counsel for the plaintiff.
*Mr. E. F. Aydlett,* for the defendant.

ASHE, J. (after stating the facts). Upon the case as made out by the plaintiff, the defendant contended he had failed to make out his case, and that he was entitled to a judgment, upon these grounds:

1. Because the plaintiff had neither shown a judgment from the Justice of the Peace, nor a transcript of his judgment, and

had only shown an entry on the judgment docket of the Superior Court of Pasquotank, No. 224, Hinton *v.* Roach.

We do not think the objection is tenable. The judgment docket, offered in evidence, shows the entry "No. 224, to-wit: John L. Hinton *v.* Josiah Roach, judgment for $28, dated March 2d, 1854," and then followed, the entry of several other judgments, for different amounts, rendered at different times, making in all the sum of one hundred and forty-one dollars and twenty-five cents, "and the further sum of $4.70, costs of action, April 23d, 1870."

The entry was certainly very irregular, but it is manifest from the amounts, which are different, and the memorandum appended, that they were transcripts of judgments, rendered before a Justice of the Peace, in favor of John L. Hinton, against Josiah Roach. The execution recites the judgment in favor of Hinton *v.* Roach, for $28, and there stands upon the judgment docket, a judgment for that amount, in favor of Hinton *v.* Roach. The plaintiff, then, has shown an execution and a judgment. It is true, the execution recites other judgments, and calls for a larger sum than the $28, but that irregularity is cured by §1347 of The Code, (Acts of 1848, chap. 53), which declares, "wherever property may have been sold by an officer, by virtue of an execution, or other process, commanding the sale thereof, no variance between the execution and the judgment, whenever the same was issued, in the sum due, in the manner in which it is due, or in the time when it is due, shall invalidate, or affect the title of the purchaser of such property." *Marshall* v. *Fisher*, 1 Jones, 11. The plaintiff, then, has shown an unobjectionable execution.

But it is contended, that even if that be so, still, as the plaintiff in the execution was the purchaser at the Sheriff's sale, he is bound to show a judgment, which he has failed to do, because the entry of the judgment, offered by him in evidence, was a nullity. But that is not so. It purports to be a judgment of a Court of competent jurisdiction, and the most that can be said against its validity is, that it is irregular—not entered according

to the course and practice of the Court, but it is conclusive, until set aside, and can only be set aside at the instance of a party to the action, who is prejudiced by it.   *Hervey* v. *Edmunds*, 68 N. C., 243.

But, whether set aside, or not, a stranger, who purchases under an execution issued upon it, will get a good title, and so will the plaintiff in the judgment, if it is not set aside, but when set aside, it will no longer justify him, in any of the acts done under it. It is then the same as to him as if it had never been.   *Skinner* v. *Moore*, 2 D. & B., 138; *Bender* v. *Askew*, 3 Dev., 149.   The judgment, then, not having been set aside, it will support the title of the plaintiff, until it is set aside, and even when that is attempted, the effort to do so, may possibly be defeated by a motion on the part of the plaintiff to correct the irregularity, by an amendment of the record.   *Green* v. *Cole*, 13 Ired., 425; *Parsons* v. *McBride*, 4 Jones, 17 ; *Bagley* v. *Wood*, 12 Ired., 70.

The next exception taken by the defendant was, " that the judgment was dormant at the time of execution issued, as it was not revived either upon satisfactory proof or affidavit." In *Surratt* v. *Crawford*, 87 N. C., 372, it was held : " It is not required that an affidavit be made that the judgment, or some part of it, remains unsatisfied and due, since while, if the fact is to be established by the plaintiff's own oath, it must be in that form, any other 'satisfactory proof' is admissible for that purpose." The fact that the defendant was present when the order was made by the Clerk, and offered no objection to the order, was sufficient proof to warrant the Clerk in concluding that the judgment was unsatisfied.   His silence was properly taken as an admission of the fact.

The defendant's only other exception was, " that the deed and complaint are too vague and indefinite to allow the plaintiff to recover."

This exception goes to the description of the land sued for, in the complaint and Sheriff's deed.   The complaint describes the land, as " that certain tract of land adjoining the land of the

plaintiff, and of Marshall P. Stokely and others, now wrong-fully possessed by the defendant, containing thirty-seven and one-half acres " —and it is described in the deed, as a certain tract of land, in Newland Township, joining the lands of said Hinton, M. P. Stokely and others, said to contain thirty-seven and a half acres more or less."

In the Court below, the plaintiff offered to show, by parol evidence, that the defendant Roach owned no other land than that described, as joining the lands of M. P. Stokely, J. L. Hinton, W. J. Spence and the land on which said Roach lived, and that the land described in the Sheriff's levy and deed, and in the complaint, were the same. The evidence was objected to by the defendant, but received by the Court. The description of the land, in the complaint and deed, was sufficient to admit extrinsic evidence of its identity. The description is very similar to that in *Farmer* v. *Batts*, 83 N. C., 387, where the description was, " One tract containing 193 acres, more or less, it being the interest in two shares, adjoining the lands of J., B., E., O., and others," and it was held, that the description was not too indefinite to admit parol evidence, to fit the description to the thing. That decision is so *apropos* to the question under consideration, that it must govern this case, and it is needless to cite any other author-ity to the same effect, except that of *Harrell* v. *Butler*, 92 N. C., 20, in which the decision in *Farmer* v. *Batts* is approved.

There is no error. The judgment of the Superior Court is affirmed.

No error.                                           Affirmed.