LEWIS McGLAWHORN v. LEVI A. WORTHINGTON.

*Deed, Description in—Evidence—Judicial Sale—Irregularity in Judicial Proceedings—Curative Act.*

1. A description in a deed as "*all* that tract of land situate in said county and bounded as follows : adjoining the lands of B, H, M, T and others, containing 360 acres, more or less," is sufficiently definite to render it effectual, and parol testimony is competent to fit it to the land.

2. A description in a deed as "all that tract of land lying in the county of Pitt and State of North Carolina, and known as part of the John Tripp land, adjoining the lands of B, W and others, containing 100 acres," is too vague—certainly in the absence of any proof that any particular tract was known as "part of the John Tripp land."

3. Judicial proceedings under which a sale is made cannot be collaterally assailed for irregularity. Those in this case seem to be cured by *The Code,* §387.

(*Gay* v. *Stancill*, 92 N. C., 455; *Fowler* v. *Poor*, 93 N. C., 466; *Hare* v. *Holloman*, 94 N. C., 14; *Ward* v. *Lowndes*, 96 N. C., 376; *Brown* v. *Coble*, 76 N. C., 391, and *Wharton* v. *Eborn*, 88 N. C., 344; cited and approved).

This is a CIVIL ACTION, which was tried before *Shepherd, Judge,* at Fall Term, 1886, of PITT Superior Court.

On the trial the plaintiff put in evidence a deed from Jeremiah Worthington, administrator of Susan Worthington, deceased, dated January 28th, 1877, which recited that the administrator was "licensed and empowered to sell and convey the real estate of said deceased hereinafter described;" that he did sell by public auction the real estate of the said deceased hereinafter described, &c., and the land is therein described as "*all* that tract or parcel of land situate in said county and bounded as follows: Adjoining the lands of Augustus Braxton, James Hines, T. N. Manning, Caleb Tripp and others, containing three hundred and sixty acres, more or less," &c.

The plaintiff further offered parol evidence to prove that the land thus mentioned and described was "bounded by the lands of Augustus Braxton on the west, James Hines on the north, T. N. Manning on the east, and Caleb Tripp on the south, and by the lands of one Dail, and of the heirs of one Elias Blount, at other points; and then offered the deed as evidence, and witnesses to prove these facts, and that the description in said deed fitted the lands claimed by the plaintiff and described in the complaint, and no other tract in the county, and that they knew the land by this description; also that Susan died seized of no other land in the county. Testimony and deed objected to by defendant. Objection overruled and testimony received and defendant excepted.

The plaintiff also offered in evidence the record of special proceedings under which Jeremiah Worthington, administrator of Susan Worthington, obtained authority to sell her land. Objected to by defendant, because the same was irregular and void, in that the summons was issued and returnable in ten days after service instead of twenty days, and that the order of sale was made two days before the return-day named in the summons; that no notice of confirmation of sale was given, and that the decree of confirmation was made on the day of sale; that the guardian *ad litem* was appointed without inquiry as to his fitness on notice of his appointment; that there was no answer or appearance in the action by any of the defendants of age. The Court overruled the objection and the defendant excepted.

The defendant contended and requested the Judge to declare, that the deed from Jeremiah Worthington, administrator of Susan Worthington, to the plaintiff, was void for want of authority to sell the land, which the Judge refused to do, and the defendant excepted.

The plaintiff having closed his case, the defendant offered in evidence a deed from Andrew Worthington and his wife

Susan, to Elizabeth Butts, dated January 1, 1870. It was objected by the plaintiff that the description of the land attempted to be conveyed was too vague and uncertain.

The testimony of witnesses showed that the John Tripp land consisted of one tract of fifteen acres, one tract of one hundred and sixty acres, which together were known as the John Tripp land, included in the allotment by the commissioners to Susan Worthington, and there was no evidence showing that any particular portion of the John Tripp land was known as a part of the John Tripp land.

The defendant offered to prove that said Jno. Tripp tract of land adjoined on the west the land known as Willis Weatherington's, and on the north by the lands of Richard H. Butts.

Upon this evidence his Honor held that the description of the land attempted to be conveyed by this deed was too indefinite and conveyed no title and the defendant excepted

The last mentioned deed described the land therein mentioned as "all that tract or parcel of land lying and being in the county of Pitt and State of North Carolina, known as a part of the John Tripp land, adjoining the lands of Richard Butts, Willis Worthington and others, containing one hundred acres."

There was judgment for the plaintiff and the defendant appealed.

No counsel for the plaintiff.
*Mr. W. B. Rodman, Jr.*, for the defendant.

MERRIMON, J., (after stating the case). There is no assignment of error in the record as to the admission or effect of the report of the commissioners who made partition of the land of Spier Worthington, deceased, among his heirs at law, and this Court must confine its action to the correction of errors assigned. It is stated in the case settled

upon appeal, that this report was put in evidence without objection.

As to the first exception, we think the reference to and description of the land in the deed was sufficiently definite to render the deed effectual in this respect.

A particular tract—*all* of a particular tract owned by the intestate, adjoining the lands of certain persons named, is designated upon the face of the deed—it points to the tract intended. And obviously the evidence produced was pertinent and competent, as tending to prove that the land was that embraced by the deed and the description specified in the complaint. *Brown* v. *Coble*, 76 N. C., 391; *Wharton* v. *Eborn*, 88 N. C., 344.

We are also of opinion that the objection to the special proceedings put in evidence cannot be sustained. There were irregularities and informalities in them, but not such as rendered it void.

The Court had jurisdiction of the subject matter and of the parties; it certainly so appears upon the face of the record. The summons was served upon all the defendants except one, who was of age and accepted service. It seems that one or more of them may have been infants; this, however, appears only by inference. It seems that a guardian *ad litem*, for whom does not appear, was informally appointed, and he "accepted service" of the summons. Such irregularities do not render the proceedings void. They may afford ground for a motion in the proceedings themselves to set the judgment aside, but not for attacking them collaterally. Besides, such irregularities seem to be cured by the statute (*The Code*, §387), *Gay* v. *Stancil*, 92 N. C., 455, 464; *Fowler* v. *Poor*, 93 N. C., 466; *Hare* v. *Holloman*, 94 N. C., 14; *Ward* v. *Lowndes*, 96 N. C., 376.

If it be granted that in any possible view of the deed offered in evidence by the appellant, it could be upheld as sufficiently designating a particular tract of land, no evi-

dence was produced to prove that any particular portion of the John Tripp land was known as "a part of the John Tripp land." There was an absence of proof to help the description in the deed. No error appears, and the judgment must be affirmed.

No error.                                                    Affirmed.