EDWARD VICKERS v. JAMES HENRY et al.

*Deed, Description in—Title in Action to Recover Land—Married Women—Possession.*

1. Plaintiff, having shown title to the land in controversy out of the State, and color of title to himself, under which he had been in actual possession for more than seven years, when the defendants—husband and wife—entered under a claim of the wife, established a right to recover, notwithstanding the *feme* defendant was under coverture during the time of plaintiff's possession.

2. A description of land in a contract to convey, as "one hundred acres, to include the William Estice improvement, and to lap on a survey to J. A.," the deed, to be made as soon as the purchase-money was paid, is clearly void for uncertainty.

CIVIL ACTION, tried at Fall Term, 1891, of JACKSON Superior Court, *Merrimon, J.,* presiding.

The action was commenced on the 22d day of April, 1882. The defendants were married in 1866, or 1867, and in 1881 entered upon the land, claiming under an alleged assignment of dower to the *feme* defendant as widow of a former husband. The other facts material to an understanding of the questions discussed by the Court are stated in the opinion.

*Mr. T. F. Davidson,* for plaintiff.
*Mr. J. F. Ray* (by brief), for defendant.

MERRIMON, C. J.: It appears from the case stated on appeal, that the plaintiff on the trial showed title out of the State, color of title of his ancestor and himself, and continued in actual possession, with claim of the land specified in the complaint, for more than seven years next after the 26th day of May, 1870; that the defendants—husband and wife— took possession of part of this land about 1880, and had such possession at and ever since the time this action began. Thus plainly the plaintiff showed title in himself.

The defendants put in evidence what purported to be a bond for title for the same land made to a former deceased husband of the *feme* defendant, which describes the land to which it has reference in these words: "One hundred acres of land, to include the William Estice improvement and to lap on a survey made Joseph Arrington, the said Estice having lost or misplaced said bond, and consents to this trade and agrees for his contract and bond to be revoked, and the deed to be made as soon as the above named Arrington shall well and truly pay, or cause to be paid, the full and interest sum of eighty-nine dollars and sixty cents," etc. It did not appear that any part of the purchase-money thus agreed to be paid ever was paid, but the *feme* defendant contended that she was entitled to dower as widow of her

former husband in said land, and that the same was duly assigned to her. It did not sufficiently appear that dower was allotted to the *feme* defendant, but if this were otherwise, neither the plaintiff, nor those under whom he claims, had notice of, nor were they parties to the dower proceeding, and are not affected by the orders and decrees that may have been made therein. Moreover, the bond for title under which the defendants claim was clearly void for uncertainty in the description of the land which it purports to embrace. It designates no particular land, nor does it refer to data from which the 100 acres mentioned could be located or ascertained. It is impossible to learn from the description what land purported to be sold. See *Perry* v. *Scott*, 109 N. C., 374, and the pertinent cases there cited.

We may add that it did not at all appear that the former husband of the *feme* defendant had any equitable interest in the land that entitled her to dower therein, if the bond had been sufficient; nor did it appear that the plaintiff had any notice of the bond at the time of the execution of the deed under which he claims. So far as appears, the plaintiff's title was in no way affected by the bond for title under which the defendants claim. The defendants showed no title, equitable or legal.

Affirmed.