CAROLINE EDWARDS v. W. M. DEANS and J. P. DEANS.

(Decided October 17, 1899.)

*Location of Land—Indefinite Description in Written Contract of Conveyance—Parol Evidence in Aid.*

Where the description in the written contract to convey is too indefinite to cover and describe the land, if there has been a recent survey with plot of the land, referred to in the contract, designating the 30 acres to be conveyed, parol evidence of entrance, occupying, improving, and claiming the land up to the marked lines, is competent evidence to aid in the description, and may eventually mature the title to the outer boundary.

CIVIL ACTION for trespass on land tried before *Hoke, J.,* and a jury at Spring Term, 1899, of the Superior Court of BERTIE County.

The alleged acts of trespass—entering upon the land, 30 acres, claimed by plaintiff, and cutting and carrying timber from it were not controverted by defendants—but they did controvert plaintiff's title.

She claimed the land as only child and heir at law of her deceased father, Ben Ellyson, and showed a line of deeds, commencing in 1854 from one John Harrell, for 112 acres of land with boundaries, down to Josiah White, 21st of June, 1856, for same 112 acres with boundaries, and a contract from Josiah White to Ben Ellyson, dated 10th March, 1875, to convey 30 acres of land, also a deed from John H. White, executor of Josiah White, for same 30 acres set out in said contract —a copy of which, marked "A", is appended.

## "A"—CONTRACT.

This indentue, mrade this 10th of March, 1875, between Josiah White, of the first part, and Benjamin Ellyson, of

second part, both of State of North Carolina and county of Bertie: Witnesseth, that said White has sold said Ellyson 30 acres of land lying and being in the State and county aforesaid, adjoining the land of E. P. Simons and the land of the said White, containing 30 acres by actual survey, for which the said Ellyson is to pay $300, payable in 3 years. At the end of the said term of 3 years, if the whole sum is paid, the asid White, his executors or administrators, is to make the said Ellyson a firm deed to the above-bargained premises, or above contract is to be void; otherwise to remain full force and virtue, to which we both agree.

Signed, sealed and delivered in the presence of us

JOSIAH WHITE.        [Seal.]

BENJAMIN ELLYSON.   [Seal.]

Witness:

JOHN H. WHITE.

HENRY W. BEATMAN.


Proved and registered January 20, 1898.

The defendants objected in apt time to said contract and deed for that the same do not describe any land, and are on their face too vague and indefinite to admit any aid from parol testimony.

Objection overruled, and defendants excepted.

Plaintiff then offered parol evidence as to the land conveyed and covered by said contract and deed, to which defendants objected because said contract was too vague and indefinite to admit it, and moved to nonsuit the plaintiff.

Objection and motion of defendants overruled, and they excepted.

The parol evidence admitted by his Honor over objection of defendants, appears in the opinion. There was verdict and judgment for plaintiff. Appeal by defendants.

---

---

*Mr. R. B. Peebles,* for appellants.
*Mr. Francis D. Winston,* for plaintiff.

FAIRCLOTH, C. J.   This action is for trespass on land. The entry and acts complained of were proved and defendants' liability was made to turn on validity of plaintiff's title, and that depends upon the sufficiency of the description of the land in a contract between Josiah White and Ben. Ellyson, made March 10, 1875, (Exhibit "A"), containing this recital, "that said White has sold said Ellyson 30 acres of land, lying and being in the State and county aforesaid, adjoining the land of E. P. Simons and the land of the said White, containing 30 acres *by actual survey,* for which the said Ellyson is to pay three hundred dollars, payable in three years."   The *locus* is the western part of a tract of 112 acres owned by said White, known as the Amos Harrell tract.

There was undisputed evidence that White agreed to sell Ellyson 30 acres off the western portion of the Harrell tract, and that Ellyson moved on said 30-acre tract, cleared ten or twelve acres and built a house thereon, also that White and Ellyson got a surveyor and went down to that side, saying that they were going to make a survey.   On their return the contract, Exhibit "A", was written and signed, having a plat, and Ellyson went on the 30-acre tract.

It was also proved that when they went down to make the survey, as they said, there was no marked line running through the tract on that side, but in a year or two after the contract, there was a marked line of comparatively new cutting of 30 acres where Ellyson lived from the western side of the Harrell tract and that Ellyson cleared up to the line and put his fence upon it; also that White (father of the witness) and Ellyson *"always recognized this marked line as the division line between them."*

There was evidence tending to show Ellyson's continued occupation of the cleared land and of his hauling wood off the woodland.

The defendants objected to the admission of the above evidence on the ground that the written contract was too vague to receive aid by parol evidence, which objection was not sustained.

The Court, among other matters not excepted to, charged the jury that the description containing contract of Josiah White to Ben Ellyson was not sufficient to cover and describe the land, nor to permit parol evidence to identify the land therein referred to, unless at time and just before contract was signed there had been a survey of the 30 acres marking off the same by visible lines and boundaries, and to which this writing referred when it said "thirty acres by actual survey." That if such survey was actually made defining land by known and visible boundaries and Ben Ellyson entered under his contract, referring to such survey, and built, and cleared land thereon, and occupied same continuously, claiming to own land referred to in his contract to the boundaries of the survey, which were known and visible—then the effect of such occupation and claim would extend to outer boundaries of survey, and if continued sufficient length of time would mature title to such boundary.

The time required was first explained more particularly in part of charge not herein set out.

Defendants excepted to such portion only of charge as held that the contract was capable of being aided by parol, and of such portion as held evidence competent or sufficient to be submitted to jury, on question to identify land.

Verdict for plaintiff. Motion for new trial by defendants for error on part of Court in holding said contract capable of being aided by parol.

2. In holding evidence offered competent or sufficient to be submitted to jury on question of identifying land under contract.

3. In failing to nonsuit plaintiff.

Overruled. Judgment on verdict for plaintiff. Appeal taken. Notice waived, and appeal bond fixed at $25.

Above settled as case on appeal by Judge, counsel having disagreed and waived right to be present.

W. A. HOKE,
*Judge Presiding.*

This finding of the jury in obedience to the charge settles the facts on which the judgment was entered.

In *Farmer v. Batts,* 83 N. C., 387, this Court reviewed a list of cases, contrasting those held sufficient and those held insufficient to receive aid by parol proofs. There the writing was "one tract containing 193 acres, it being the interest in two shares, adjoining the lands of J. B. E. O., and others: *Held,* not too indefinite to admit parol evidence to indentify the land." In *Perry v. Scott,* 109 N. C., 374, the language "On the south side of Trent River, adjoining the lands of Colgrove, McDaniel and others, containing 360 acres," was not too vague and indefinite to receive aid by parol evidence.

According to these cases, we think the written evidence in the present case was properly aided by the parol evidence and properly admitted to be considered by the jury, and we see no error in the judgment.

Affirmed.